# Decatur Car Wheel & Manufacturing Company *v.* Mehaffey, Admrx.

*Action to recover Damages for Personal Injuries Resulting in Death of Employee.*

1. *Action for negligence; sufficiency of complaint.*—In an action by an administrator of a deceased employé to recover damages for personal injuries resulting in the death of plaintiff's intestate, where the counts of the complaint, after alleging that at the time of the accident, the plaintiff's intestate was stationed upon a swinging scaffold and was assisting at that point in raising an iron bar under the direct supervision of the defendant's superintendent, who had charge of said work, and that said superintendent "knowing that to give slack to the rope to which the bar of iron was attached would probably cause said bar of iron to strike upon or against said scaffold and cause the same to swing or oscillate, negligently ordered the persons in charge of the pulley by which said bar of iron was being hoisted, to give slack to the rope * * * which they did, and because thereof said bar of iron was thrown or struck against said scaffold causing the same to swing, and by reason thereof caused plaintiff's intestate to fall off the scaffold to the ground," inflicting the injuries complained of, is insufficient and demurrable; it not being averred therein that the order given was unnecessary or that a reasonable and probable result of the

[Decatur Car Wheel & Manufacturing Co. v. Mehaffey, Admrx.]

swinging of the scaffold was to throw the deceased off, or that the superintendent had any knowledge that such would be the probable or reasonable result of the giving of said order.

2. *Same; same.*—In such a case, where similar averments are made in a count, but it is further averred that tue superintendent well knew at the time that the slacking of the rope would cause the iron to hit against the scaffold and cause it to move and swing, and "thereby have a tendency to throw the plaintiff's intestate off of said scaffold," etc., gave an order, and by reason thereof the iron struck the scaffold, causing it to swing and the plaintiff to fall off, said count sufficiently states a cause of action.

3. *Same; admissibility of evidence.*—In an action to recover damages for personal injuries which were caused by being thrown from a hanging scaffold, as the result of alleged negligence on the part of the superintendent of the defendant, testimony respecting tests made by certain witnesses upon a scaffold, two years after the alleged accident, for the purpose of showing the action of a scaffold under conditions similar to those surrounding the accident, is inadmissible and incompetent, when it is further shown that at the time of such tests the scaffold had been moved from the place where it was at the time of such accident, and that it was not in the same condition as when the accident happened two years previous.

4. *Evidence; admissibility of expert testimony.*—The evidence of an expert as to matters within the common knowledge of the jury, is inadmissible.

5. *Action for negligence; there must be a direct and causal connection between the negligence and the injury.*—To constitute actionable negligence, there must be not only a causal connection between the accident complained of and the injury suffered, but such connection must be by unbroken sequence, so that the negligence must be not only a cause, but it must be the *proximate* cause of the injury.

6. *Charge of court to jury; general charge must be construed as a whole.*—The general oral charge of a court to the jury must be construed as a whole; and the judgment will not be reversed because a separate part of the charge standing alone and unexplained is erroneous, if the charge, when considered as a whole, contains correct instructions as to the law.

7. *Action against employer for death of employe; measure of damages.*—In an action against an employer to recover damages for injuries which resulted in the death of the employé, the damages recoverable are limited to the pecuniary loss or

[Decatur Car Wheel & Manufacturing Co. v. Mehaffey, Admrx.]

injury sustained by the person or persons to whose benefit the recovery enures; but in the estimation of the damages, the question of life expectancy is one of fact to be determined by the jury from all the facts and circumstances relating thereto.

8. *Same; same; charge of court to jury.*—In such a case, a charge is free from error which instructs the jury that "if the plaintiff is entitled to recover, the measure of damage is, that sum which being put out at interest at eight per cent. per annum will yield each year, by taking a proportionate part of the principal and adding it to the interest, the amount of his yearly contributions to his family (less his personal expenses), and as that the whole remaining principal at the end of his expectancy of life added to the interest on his balance for that year will equal the amount of his yearly contributions to his family."

9. *Charge of court to jury; sufficiency of evidence.*—The measure of proof necessary to authorize a verdict in a civil case, is that the jury should be reasonably satisfied; and charges which require satisfaction beyond a reasonable doubt exacts too high a degree of proof, and are properly refused.

10. *Same; charge as to doubt.*—In an action to recover damages for injuries resulting from negligence, charges are erroneous and properly refused which instruct the jury that if they are in doubt as to which one of one or more causes produced the injury complained of they must find for the defendant.

11. *Same; error to give undue prominence to evidence.*—Charges which single out particular parts of the evidence, thereby giving undue prominence to such parts of the testimony, are erroneous and properly refused.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This action was brought by Elmira Mehaffey, administratrix of the estate of H. W. Mehaffey, against the Decatur Car Wheel & Manufacturing Company, a corporation; and sought to recover damages for the alleged negligent killing of plaintiff's intestate, claiming $25,000 therefor.

The complaint as amended contained twenty-two counts. All of these counts, except the second and fourth, were eliminated from the consideration of the count on this appeal, by reason of the rulings of the court below. .

The plaintiff's intestate was, at the time he received the personal injuries which resulted in his death, in the employment of the defendant, and under the direction of one Stevens, who was the superintendent of the defendant, and was assisting in raising an iron rail to a hanging scaffold upon which plaintiff's intestate was standing. The details in reference to the services in which he was engaged at the time of his accident are sufficiently stated in the opinion. After averring these details as preliminary allegations, the second and fourth counts of the complaint alleged the negligence complained of as follows: 2. "Plaintiffs aver that said accident and said injuries to intestate were caused by the negligence of one Stevens, whose Christian name is to the plaintiff unknown, and who was in the employment or service of the defendant at the time and who was entrusted by the defendant with superintendence over the said improvements or repairs being made on said plant, and who also had superintendence over the hands who were assisting and the implements being used in making said improvements or repairs, and who was at the time in the exercise of such superintendence, in this: that said Stevens, well knowing that said scaffold was not sufficiently braced, but that the same was unsteady and liable to swing or oscillate to and fro when struck or pressed against, and well knowing that plaintiff's intestate was on said scaffold in a squatting position, or on his hands and knees, and well knowing that said intestate was trying to receive or place said piece or bar of iron by extending a stick or piece of lumber from off of said scaffold out to and under said piece or bar of iron, and knowing that to give slack to the rope to which said bar of iron was attached, would probably cause said bar of iron to strike upon or against said scaffold and cause the same to swing or oscillate, negligently ordered the persons in charge of the pulley by which said bar of iron was being hoisted to give slack to the rope to which said bar of iron was attached, which they did, and because thereof, said bar of iron was thrown or struck against said scaffold, causing the same to swing or oscillate, and by reason thereof

caused plaintiff's intestate to fall from off said scaffold to the ground, inflicting the injuries aforesaid wherefore plaintiff sues."

4.    "Plaintiff avers that said accident and said injuries to said intestate were caused by the negligence of one Stevens, whose Christian name is to the plaintiff unknown, who was also in the service or employment of the defendant, and who had entrusted to him by the defendant superintendence over the making of said improvements or repairs, and over the hands who were assisting in doing the work in making said improvements or repairs, and over the implements and appliances used in and about the making of said improvements or repairs, and who was at the time in the exercise of such superintendence so entrusted to him, and who, knowing that plaintiff's intestate was on said scaffold, either in a squatting position or on his hands and knees, and was there for the purpose of receiving a piece of bar iron which was being hoisted by means of said pulley, and knowing that said piece of bar iron had been hoisted to a point about even or level with said scaffold, and knowing that plaintiff's intestate was trying to receive said piece of timber, out to and underneath said piece of bar iron, and without waiting until some other person had gotten on said scaffold to assist plaintiff's intestate in receiving said piece of bar iron, and knowing that said scaffold was liable to swing to and fro when struck or pressed by said piece of bar iron, negligently ordered the persons in charge of the pulley who were hoisting the said piece of bar iron, when said piece of bar iron had reached a point about level or even with the floor of said scaffold, to give slack to the rope which was attached to said piece of bar iron and by means of which it was being raised, well knowing that the slackening of said rope would cause said piece of bar iron to strike or press against said scaffold and cause it to swing or move and thereby have a tendency to throw plaintiff's intestate off of said scaffold, that said persons so in charge of said rope, in obedience to said order, did slacken the same, and thereby caused said

piece of bar iron to strike against the scaffold or against the stick which plaintiff's intestate had placed under the same, with such force as to cause plaintiff's intestate to fall off of said scaffold, which he did, the said Stevens well knowing at the time that it was dangerous to the plaintiff's intestate to cause said rope to be slacked and said iron descend as aforesaid without some other person being on the scaffold to assist said intestate in receiving said bar iron."

To the second count of the complaint the defendant demurred upon the following grounds: "1. For that it appears that the intestate, with knowledge of his surroundings and the dangers incident to his employment, voluntarily undertook the risk incident to raising and lowering said bars of iron, that being the work they were then engaged in. 2. For that it appears that the intestate placed himself in an extra hazardous position of danger when there was a safer way to perform the service. 3. For that it appears that the negligence complained of was not the proximate cause of said intestate's injury."

To the fourth count of the complaint the defendant demurred upon the following grounds: "1. For that it appears from this count that the injury complained of was occasioned by the act of a fellow servant in this: that the persons in charge of the pulley let the iron fall with more force than was necessary. 2. For that it appears that the said intestate assumed the risks incident to receiving said bars of iron on the scaffold, and he must have known that it was necessary for the bars of iron to strike the scaffold with more or less force when they were received or placed on the scaffold, and it is alleged that that was the duty he was performing. 3. For that under the allegations of this count, it appears that the injury was occasioned, not by reason of the failure to have assistance on the scaffold, but because of the force with which the iron descended on the scaffold, and it is not made to appear how it would have been less dangerous if some other person or persons had been on the scaffold. 4. For that plaintiff counts upon the failure of the superintendent to have some other

person on the scaffold with said intestate, but fails to show what connection that fact had with the alleged injury. 5. For that the negligence complained of is the order of said Stevens that slack be given to the rope, and it appears from the allegations of the count that any risk or danger attending the striking of the iron upon the scaffold was assumed by said intestate in undertaking said employment."

These demurrers were overruled, and the defendant separately excepted to the overruling of each of them. The defendant pleaded the general issue and several special pleas in which he set up contributory negligence on the part of plaintiff's intestate, and the fact that the plaintiff's intestate assumed the risk incident to the services which he was performing at the time of the accident.

During the examination of some of the witnesses for the plaintiff and after they had, in their testimony, shown themselves familiar with the work with which plaintiff's intestate was engaged at the time of the injury and with the surroundings of the place, they were asked to state what, in their opinion, was the effect of an iron rail striking the scaffold, and whether or not the effect would be to throw the plaintiff's intestate from the scaffold, and whether or not the iron rail was being raised in the safest and most prudent way. To each of such questions the defendant separately excepted, upon the ground that it called for a conclusion of the witnesses, and asked for expert testimony in reference to matters upon which expert testimony was inadmissible. The court overruled these objections, and the defendant separately excepted. The other facts of the case pertaining to the rulings upon evidence, and necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

The court in its general charge to the jury instructed them at length as to the law of the case, but it is not deemed necessary to set out this charge in detail. The defendants separately excepted to the following portions of the court's oral charge to the

jury:   (1.)   If it (defendant) was guilty of negligence with regard to him in the doing of the work in and about the doing of the work he was employed to do, then it is liable for damages resulting from the negligence if he was himself without fault."   (2.) "If the plaintiff is entitled to recover, the measure of damages is that sum which being put out at interest at eight per cent per annum will yield each year, by taking a proportionate part of the principal and adding it to the interest, the amount of his yearly contributions to his family (less his personal expenses) and as that the whole remaining principal at the end of his expectancy of life added to the interest on his balance for that year will equal the amount of his yearly contributions to his family."

Among the charges requested by the defendant, and to the refusal to give each of which the defendant separately excepted, were the following:   (A.)   "From the very nature of the construction of a swinging or hanging scaffold, it can not be required of the defendant that the scaffold should be immovable or rigid." (B.)   "If from all the evidence introduced on the trial, the jury have a reasonable doubt whether the injury complained of resulted from the negligence of the defendant or from some other cause, then they must find for the defendant."   (D.)   "The court charges the jury that the evidence in this case fails to show that the deceased made any effort to prevent his falling from said scaffold."   (E.)   "If Mehaffey voluntarily took one position on the scaffold to do his work when he could have take another and safer position on the scaffold, and have done his work as effectively, then plaintiff cannot recover in this action."   (F.) "If the jury believe from the evidence that it was necessary to lower the iron in order to have it placed upon the scaffold and that the usual and ordinary manner of lowering the iron was to slack the rope attached to the iron, that the danger naturally attended such lowering resulted from the striking the scaffold or from the weight of the iron resting upon any stick or piece of timber which the deceased may have had in his hand at the time of the accident, if the jury be-

[Decatur Car Wheel & Manufacturing Co. v. Mehaffey, Admrx.]

lieve he had such stick or piece of timber at the time of the accident, was one of the risks which the deceased assumed in accepting such employment." (G.) "If from all the evidence the jury are in doubt whether negligence on the part of the defendant, or Stevens as its agent, caused the injury complained of or whether such injury resulted from some other cause, then they must find for the defendant." (H.) "If the jury believe from the evidence that the iron bar which was being raised upon the scaffold at the time of the accident was being gradually eased down, and that the effect of this easing down said bar of iron was not necessarily dangerous to Mehaffey, the plaintiff's intestate, at the time and under the circumstances when and under which he was at the time he fell, although it was against or would naturally strike against or rest upon the stick or piece of scantling in said Mehaffey's hands or against the scaffold, as it was lowered, then the jury must find for the defendant." (J.) "If from the evidence the jury are in doubt whether the plaintiff's intestate fell from the scaffold when in a condition of unconsciousness or whether he slipped and fell, or whether he was thrown from the scaffold by the shaking of the scaffold by reason of the bar of iron striking the scaffold, or was thrown from the scaffold by the iron being lowered upon any stick he may have had under the iron, if he did have such stick under the iron, then the jury must find for the defendant." (K.) "In forming their conclusions as to the cause of the fall of the plaintiff's intestate from the scaffold the jury must confine themselves to the evidence in the case, and they may look to the fact, if it be a fact, that he fell through the space between the two planks on the scaffold, and the width of that space was given by the witnesses, to determine whether or not he was overcome by heat or sickness or fainting and fell or was thrown down by the iron striking the scaffold, if it did strike the scaffold."

There were verdict and judgment for the plaintiff, assessing his damages at $5,846.15. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

TILLMAN & CAMPBELL, for appellant.—The plaintiff could not recover under either the second or fourth counts. Therefore, the general affirmative charge requested by the defendant upon these counts should have been given.—*Bir. R. & E. Co. v. Baylor*, 101 Ala. 488; *Bir. F. & M. Co. v. Gross*, 97 Ala. 220. The defendant is not liable in damages unless the negligence complained of is the direct and proximate cause of the injury, and the portion of the court's oral charge, referred to in said assignment of error, leaves out this essential qualification.—*West R. of Ala. v. Mutch*, 97 Ala. 196.

The objections as to the evidence as to what would have been the natural effect upon a scaffold being struck with an iron rail should have been sustained. This was a question to have been determined by the jury and it did not call for expert testimony.—*Bir. Elec. Co. v. Clay*, 108 Ala. 233; *Ala. Min. R. R. Co. v. Jones*, 114 Ala. 519.

Charge "B" should have been given. It was incumbent on the plaintiff to reasonably satisfy the jury that the defendant's negligence proximately and directly caused the injury. If all the evidence left a reasonable doubt as to what caused the fall, how can it be said that the jury was reasonably satisfied?—*A. G. S. R. Co. v. Hill*, 93 Ala. 516; *Harris v. Russell*, 93 Ala. 59.

LANE & WHITE, *contra.*—The court properly refused to give the general affirmative charges as to the second and fourth counts of the complaint. The averments of said counts were abundantly sustained by the proof.—*Tenn. C., I. & R. R. Co. v. Stevens*, 115 Ala. 462; *Home Protec. of North Ala. v. Whidden*, 103 Ala. 203.

Charge "B" was clearly improper as exacting of the plaintiff too high a measure of proof. This exacts the same measure of proof that is required in a criminal case.—*Harris v. Russell*, 93 Ala. 59.

Charge "D" was properly refused. The proof showed that the plaintiff's intestate did not have time to catch, and there was some proof that he had his hands

stretched out in front of him. If there was any evidence from which the jury might draw a different inference from the conclusions embraced in the charge, then the charge should be refused.—*Tenn. C., I. & R. R. Co. v. Stevens,* 115 Ala. 462. Besides, a charge is always properly refused that singles out and gives undue prominence to any particular phase of the evidence.—*A. G. S. R. R. Co. v. Hill,* 93 Ala. 515.

Charge "G" contains the same vice pointed out as to charge "B." It exacts too high a degree of proof. It even goes further than charge "B," although the latter calls for proof as strong as is required in a criminal case.—*Harris v. Russell,* 93 Ala. 59; *A. G. S. R. R. Co. v. Hill,* 93 Ala. 526.

The measure of damages laid down by the trial court follows the rule adopted by this court in the case of *L. & N. R. R. Co. v. Trammell,* 93 Ala. 350.

DOWDELL, J.—The plaintiff sues as administratrix to recover damages for an injury to her intestate resulting in his death caused by the alleged negligence of the defendant's superintendent, one Stevens. The complaint contained some twenty or more counts. All of these counts but two, the second and the fourth, have been eliminated by the rulings of the court below. Demurrers to the second and fourth counts were overruled by the court, and on these two counts a trial was had, resulting in a verdict and judgment for the plaintiff, and from this judgment the present appeal is prosecuted.

The injury complained of was received by plaintiff's intestate while in the employment of the defendant and in the discharge of his duties under said employment. The negligence which is alleged to have caused the injury consisted in the negligent giving of an order by the defendant's superintendent, who was in charge of the work, at a time and under circumstances known to the said superintendent, that would probably in its execution produce certain results alleged in the complaint. The deceased was engaged at the time, with other employes of the defendant, in raising a bar of iron to a hanging scaffold. The bar of

iron was $\frac{3}{4}$ to $\frac{7}{8}$ of an inch thick, 4 to 5 inches wide, about 50 feet long, and weighed about 500 pounds. It was being hoisted to a hanging scaffold, which was 12 feet above the ground, by means of a pulley with block and tackle. The pulley rope was wrapped or tied around the bar about 12 feet from one end, being the end first raised, the other end resting on the ground. There were four or five men at the pulley rope, for the purpose of pulling on the same to raise the bar, the deceased being at the time on the scaffold for the purpose of guiding the end of the bar, and to otherwise assist in the hoisting and receiving the same. While so engaged the alleged accident happened which resulted in the death of plaintiff's intestate.

The second count of the complaint, to which a demurrer was interposed and by the court overruled, after stating certain conditions in connection with the work being done, which it is alleged Stevens, the superintendent, knew, avers that Stevens, "knowing that to give slack to the rope to which said bar of iron was attached would probably cause said bar of iron to strike upon or against said scaffold and to cause the same to swing or oscillate, negligently ordered the persons in charge of the pulley, by which said bar of iron was being hoisted, to give slack to the rope to which said bar of iron was attached, which they did, and because thereof said bar of iron was thrown or struck against said scaffold, causing the same to swing or oscillate, and by reason thereof caused plaintiff's intestate to fall from off said scaffold to the ground, inflicting the injuries aforesaid." It is not pretended that the giving of the order to slack the rope, or its execution, was an act *per se* negligent, but only became so when coupled with the knowledge on the part of Stevens of the existence of certain facts averred. For aught that appears the order given was not an unnecessary one in the accomplishment of the work being done. It is not averred that the reasonable and probable result of the swinging of the scaffold would be to throw the deceased off. A knowledge of the probable striking of the iron against the scaffold and causing the same to swing does not imply a knowledge that the

reasonable result of the swinging would be to throw the deceased from the scaffold, nor will the statement of the fact that the deceased was thereby thrown from the scaffold supply the omission of an averment in the complaint of a knowledge on the part of Stevens that such would be the probable or reasonable result of the giving of said order. It cannot be assumed that because a man was on a scaffold in a squatting position that he will fall when the scaffold swings. This count does not show that Stevens knew that the reasonable effect of his order would be to cause injury to Mehaffey, the deceased, nor does it show that Stevens had any reason to anticipate that the man would fall, even if the scaffold swung, and for this reason we do not think that what is averred constituted negligence. The grounds stated in the demurrer to this count, however, do not go to this extent.

The fourth count after setting forth substantially the avermentc contained in the second in addition avers that Stevens "well knowing that the slackening of said rope would cause said piece of bar iron to strike or press against said scaffold, and cause it to move or swing and thereby have a tendency to throw plaintiff's intestate off of said scaffold, * * * the said Stevens well knowing at the time that it was dangerous to the plaintiff's intestate to cause said rope to be slacked and said iron descend as aforesaid without some other person being on the scaffold to assist said intestate in receiving said bar iron." These averments when coupled with the others as to Stevens' knowledge of other facts averred, and also of the fact that there was at the time no other person on the scaffold to assist in receiving the iron, and with the further averment that the negligent giving of the order and its execution caused the injury, rendered this count unobjectionable to the grounds of demurrer stated.

During the progress of the trial, the court permitted the plaintiff against the objection of the defendant to introduce evidence of tests made by certain witnesses upon the scaffold two years after the alleged accident,

for the purpose of showing to what extent the scaffold could be made to swing or oscillate. The evidence shows that the scaffold, at the time of such tests, had been removed from where it was at the time of Mehaffey's fall, and had been put away for future use; that it was not in the same condition as it was at the time of the accident; that there were no braces upon it, whereas there were braces at the time of the accident to keep it steady. Not being substantially in the same condition that it was when the accident happened two years previously, we think this evidence was clearly irrelevant and should not have been admitted. It was calculated to prejudice the minds of the jury by holding out the suggestion that the scaffold was easily made to swing. As was said by this court in *Clay's Case*, 108 Ala. 234: "The only effect of such evidence was to confuse and mislead the jury's mind from the real issues of the case. From the very fact that the court let it in against the objection of the defendant, it was calculated to impress them that it was a dangerous fact against the company."

Opinion evidence, or evidence of experts, as to matters within common knowledge, is inadmissible.—*Ala. Min. R. R. Co. v. Jones*, 114 Ala. 519. The structure and condition of the scaffold, the dimensions and weight of the iron, and the manner of its handling, being known, the natural effect of the iron's striking against the scaffold was a matter within common knowledge, and the jury was as competent to form an opinion as a witness; and we think the court in this respect erred in permitting the witness to give his opinion against the objection of the defendant.

In the case of the *Western R'y of Alabama v. Mutch, Admr.*, 97 Ala. 196, it was said by this court, quoting from the Am. & Eng. Ency. Law, Vol. 16. p. 436: "To constitute actionable negligence, there must be not only causal connection between the negligence complained of and the injury suffered, but the connection must be by *natural* and *unbroken* sequence—without intervening efficient causes—so that but for the negligence of the defendant the injury would not have occurred; it must not only be a *cause*, but it must be the *proxi*

*mate;* that is, the direct and immediate efficient cause of the injury." That portion of the oral charge of the court, in the following language: "If it (the defendant) was guilty of negligence with regard to him in the doing of the work, in and about the doing of the work he was employed to do, then it is liable for the damages resulting from the negligence if he was himself without fault," does not correctly 'state the law as laid down in the case of *Railroad Co. v. Mutch, supra;* and standing alone, unexplained, would be error, but when taken in connection with other portions of the oral charge, which instructed the jury to the effect that if there existed other efficient cause or causes intervening between the alleged negligence and the injury that the plaintiff could not then recover, the portion excepted to as above set out was relieved of reversible error.

The measure of damages in a case like the present was correctly laid down in the case of *L. & N. R. R. Co. v. Trammell,* 93 Ala. 350, but in the estimation of damages the question of life expectancy is one of the facts to be left to the jury to be determined by them under all the facts and circumstances relating thereto. *Ala. Min. R. R. Co. v. Jones, Admx.,* 114 Ala. 533. We do not think, however, that the portion of the oral charge excepted to, is open to the objection urged by the appellant. The court did not undertake by this charge to state to the jury what the duration was, as in the case of *Jones, supra,* and if the charge had any misleading tendency, it was the duty of appellant to have met the same by asking for an explanatory charge.

The measure of proof in all civil actions is to reasonably satisfy the jury. Charges which require satisfaction beyond reasonable doubt exact too high a degree of proof, and should never be given. Charges likewise instructing the jury that if they are in doubt as to which one of two or more causes produced the injury complained of, that they should find for the defendant, are properly refused. Charges which single out particular parts of the evidence, thereby giving undue prominence to such evidence, have been often condemned by this court, and are properly refused.

We have not considered the charges *seriatim*, but as the case must be reversed for the errors pointed out we think what we have said will sufficiently answer for the purposes of another trial.

Reversed and remanded.