# Davis *v.* Drennen Company Department Store.

*Injury from Collision.*

(Decided November 7, 1914.  66 South. 642.)

1. *Pleading; Conclusion; Wanton or Intentional Negligence.*— Where a complaint undertakes to set out the negligence relied on as certain conduct of defendant, which, upon its face was no more than simple negligence, an additional averment that defendant thereby wantonly or intentionally injured plaintiff, is no more than an unsupported conclusion of the pleader, and renders the complaint insufficient upon apt demurrer.

2. *Negligence; Pleading.*—The charge of a negligence injury may be sufficiently made in the most general terms.

3. *Municipal Corporations; Driving on Street; Negligence.*—A complaint charging that while plaintiff was riding in a buggy, a delivery wagon driven by an agent or servant of defendant ran upon or struck the buggy of plaintiff and as a proximate consequence thereof plaintiff sustained injury, that such servant, acting within his authority, wantonly or intentionally caused plaintiff to suffer said injury by wantonly or intentionally running against her buggy, knowing that to do so would probably cause plaintiff to suffer personal injury and damage, sufficiently alleged wherein defendant's servant was negligent.

4. *Master and Servant; Injury to Third Person; Pleading; Proximate Cause.*—The complaint as set out in count 2 alleged with sufficient certainty that any injury or damage resulting to plaintiff was the proximate consequence of the fault of the servant of defendant, acting within the scope of his authority.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by Mary J. Davis against the Drennen Company Department Store for damages to person and property. Judgment for defendant on demurrer, and plaintiff appeals. Reversed, rendered, and remanded.

The complaint contained two counts, one for simple and the other for wanton negligence. The second count was as follows: "Plaintiff claims of defendant  *  *  * damages for that  *  *  * plaintiff was riding in a buggy in the city of Birmingham, and when she reached a point at or near Cotton avenue  *  *  * a delivery wagon which was being driven by an agent of defendant ran upon or against or struck plaintiff's buggy, and as a proximate consequence thereof. [Here follows her statement of injuries to the buggy and her person.] Plaintiff avers that defendant's servant or agent in charge or control of said wagon, acting within the line and scope of his authority as such servant or agent, wantonly or intentionally caused plaintiff to suffer said injuries and damages by wantonly or intentionally causing or allowing said wagon to run upon or against or strike plaintiff's buggy on the occasion aforesaid,

well knowing that to do so would likely or probably cause plaintiff to suffer great personal injury and damage."

The court sustained a demurrer to both first and second counts, the second and third grounds of demurrer assigning (2) that it does not allege with sufficient certainty wherein the driver of the delivery wagon was negligent, and (3) that it does not allege with sufficient certainty that any injury or damage resulting to plaintiff as the proximate consequence of any fault of the alleged agent or servant while acting within the line and scope of his authority as such agent or servant. The plaintiff declined to plead further, and assigns as error the sustaining of the demurrers to the second count.

MATHEWS & MATHEWS, for appellant.

GASTON & DRENNEN, for appellee.

SOMERVILLE, J.—Where a complaint undertakes to set out, as the negligence relied on, certain conduct of the defendant which is upon its face no more than simple negligence, an additional averment that the defendant thereby, i. e., in that way, wantonly or intentionally injured the plaintiff, is no more than the unsupported conclusion of the pleader; and such a complaint is insufficient upon apt demurrer.—*B. R. L. & P. Co. v. Brown*, 150 Ala. 327, 43 South. 342; *Neyman v. A. G. S. R. Co.*, 172 Ala. 606, 55 South. 509, Ann. Cas. 1913E, 232.

This is, of course, with full recognition of the general rule that the charge of a negligent, or wanton, or willful injury may be sufficiently made in the most general terms. The complaint in this case is, however, clearly distinguishable from the complaints presented

in the two cases above cited, and others to the same effect. .

In *B. R. L. & P. Co. v. Brown, supra,* it was expressly predicated that: "There is no averment here of a purpose to inflict the injury, and it cannot be said, therefore, that it was intentionally done."

On the contrary, the complaint in this case specifically charges that the defendant's servant "wantonly or intentionally caused plaintiff to suffer said injuries and damage by wantonly or intentionally" running his wagon against her buggy.

Conceding that the second and third grounds of demurrer reach the point discussed—which seems doubtful—we think that they are hypercritical and without merit. .

The first and fourth grounds are clearly bad, and need no discussion.

The trial court erred in sustaining the demurrer to the second count. The judgment will therefore be reversed, and a judgment here rendered overruling the demurrer.

Reversed, rendered, and remanded.

ANDERSON, C. J. and MCCLELLAN and DE GRAFFEN-RIED, JJ., concur.