(84 South. 867)

MOBILE LIGHT & R. CO. v. R. O. HARRIS GROCERY CO. (1 Div. 367.)

(Court of Appeals of Alabama. Feb. 10, 1920.)

1. DAMAGES ⬲113 — MEASURE OF DAMAGE FOR INJURIES TO AUTOMOBILE.

The measure of damages of one whose auto truck is damaged by a street railroad is the difference between the market value of the car and its contents immediately before and immediately after injury.

2. APPEAL AND ERROR ⬲1058(2) — EXCLUSION OF TESTIMONY HARMLESS TO PARTY WHO STILL RECEIVED BENEFIT.

The court's action in sustaining plaintiff's objection to defendant's question to a witness was harmless to defendant, where it received the benefit of the testimony, notwithstanding the ruling, from the witness then testifying and from other witnesses.

3. STREET RAILROADS ⬲117(34)—CAUSE OF COLLISION HELD IMPROPERLY SUBMITTED.

In an action against a street railroad for damage to a motor truck stalled on track, question whether failure of motorman to sound gong in compliance with city ordinance proximately caused damage held improperly submitted to the jury, in view of the evidence.

4. STREET RAILROADS ⬲81(3)—DUTY AS TO SPEED DEFINED.

The duty of a street railroad's motorman is to operate his car at reasonable speed within limits fixed by city ordinance, if any, for the accommodation of the public, while exercising due care to protect from injury his passengers and those on the street.

5. STREET RAILROADS ⬲84—SPEED REGULATION NOT ABSOLUTE LICENSE TO RUN AT MAXIMUM RATE.

Where the legislative power to regulate the speed of street cars has been exercised, such regulation as to maximum speed is not an absolute license to run cars thereat, regardless of surrounding conditions and safety of public.

6. STREET RAILROADS ⬲102(3)—UNAVOIDABLE ACCIDENT HELD CAUSE OF COLLISION WITH TRUCK.

If plaintiff's motor truck was proceeding along the track ahead, moving in the same direction as defendant's car, or was crossing the track, while the car was running at a speed not constituting negligence, and it was not apparent to the motorman the truck was in danger, although too close to the car to prevent accident when the motor in the truck stopped, owner of truck cannot recover from street railroad; collision having been "unavoidable accident."

7. STREET RAILROADS ⬲102(2) — CONTRIBUTORY NEGLIGENCE OF TRUCK DRIVER HELD NOT PROXIMATE CAUSE OF COLLISION.

If the owner of a motor truck was negligent in going on a street railroad's track, damage when the truck was struck by a car because its motor had stalled was not proximately caused by the act of going on the track, but by an accidental stalling of the motor.

8. STREET RAILROADS ⬲90(1)—NEGLIGENCE AS TO VEHICLE DEFINED.

If a street car motorman in a populous part of the city ran his car at a speed at which he could not stop at a distance within the range of vision, while keeping a diligent lookout, or at not exceeding such speed, if he was not keeping a proper lookout, he was negligent, and, if such negligence proximately contributed to

damage to a motor truck on the track, the owner can recover.

9. STREET RAILROADS ⊚⟶74—SPEED REGULATION HELD NOT UNREASONABLE.

City ordinance limiting speed of street cars traveling by high-power motors through streets of a city to a rate not exceeding 15 miles per hour is not an unreasonable regulation.

10. TRIAL ⊚⟶252(9)—ABSTRACT INSTRUCTION, THOUGH CORRECT, HELD PROPERLY REFUSED.

In an action against street railroad for damages to motor truck stalled on the track, an instruction that a motorman who sees an automobile moving ahead has a right to continue to run his car, etc., *held* properly refused as abstract, though correct.

11. TRIAL ⊚⟶260(1)—REQUESTS COVERED BY ORAL CHARGE PROPERLY REFUSED.

Charges requested in writing, covered by the court's oral charge, *held* properly refused.

12. TRIAL ⊚⟶295(6)—INSTRUCTION HELD NOT ERRONEOUS, IN VIEW OF ENTIRE CHARGE.

In action against street railroad for damages to a motor truck stalled on its track, instruction railroad owed no duty to any one so long as it ran its cars at reasonable speed and in such manner as to be able to stop them, in view of entire charge, *held* not erroneous.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action by the R. O. Harris Grocery Company against the Mobile Light & Railroad Company for damages to an auto truck and its contents. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The assignments of error referred to are as follows:

(1) What was the reasonable value of this car after the accident and after the repairs had been made? (question to plaintiff's witness Shaw, to which defendant objected). (2) Sustaining plaintiff's objection to defendant's question: "Did you notice whether or not the motorman was bleeding?" (3) Sustaining plaintiff's objection to defendant's question: "When you hit the automobile, what happened to you?"

Assignments 4, 5, 6, and 7 sufficiently appear.

The following is charge L:

If the jury believe the undisputed evidence in this case, they cannot find a verdict for the plaintiff under the fourth count of the complaint.

Harry T. Smith & Caffey, of Mobile, for appellant.

As to the proper value, see 143 Ala. 490, 39 South. 265, 5 Ann. Cas. 414. As to the duty of a motorman towards the driver of an automobile, see 169 Ala. 242, 53 South. 219. The failure to sound the gong was not the proximate cause of the injury. 137 Ala. 488, 34 South. 562. The plaintiff cannot recover here, without showing that the motor-

man actually knew that the truck had stopped on the track in time to enable him to avoid striking it. 202 Ala. 222, 80 South. 44; 159 Ala. 195, 48 South. 798, 133 Am. St. Rep. 32; 149 Ala. 592, 42 South. 686; 165 Ala. 409; 134 Ala. 281, 32 South. 301; 166 Ala. 540, 51 South. 996; 156 Ala. 269, 47 South. 84. The motorman may assume that an automobile will get off the track before the car reaches it, where the automobile is seen to be moving. Authorities supra, and 110 Ala. 330, 20 South. 345; 136 Ala. 210, 34 South. 194; 146 Ala. 247, 40 South. 943; 16 Ala. App. 629, 80 South. 693. The automobile should not have been driven on the track without ascertaining whether or not a car was in dangerous proximity. 3 Ala. App. 359, 57 South. 404; 174 Ala. 657, 56 South. 1013; 166 Ala. 572, 52 South. 311; 141 Ala. 198, 37 South. 452, 3 Ann. Cas. 333; 91 Ala. 564, 8 South. 778.

Stevens, McCorvey & McLeod, of Mobile, for appellee.

The driver of an automobile has the right to cross a track before an approaching street car, if it reasonably appears that he can do so before the street car reaches him. 162 Ala. 656, 50 South. 149. Their rights were equal. 174 Ala. 657, 56 South. 1013. Counsel discuss the assignments of error, but without further citation of authority.

SAMFORD, J. [1] It will not be necessary to consider the first assignment of error, further than to say the correct rule for the ascertainment of damages in a case of this kind is the difference between the market value of the Ford car and contents immediately before and immediately after the injury. The rule is broad enough to allow full recovery for all damage sustained.

[2] The rulings of the court made the basis of the second and third assignments are without injury to defendant, as, notwithstanding the ruling of the court, the defendant received the benefit of the testimony from the witness then testifying and from other witnesses.

[3] The fourth, fifth, and sixth assignments of error are grounded upon the court's refusal to give the general affirmative charge as to the sixth count of the complaint, which claims damages by reason of the negligence of the defendant in failing to "clang its gong," as required by a city ordinance, and alleging that the damage to plaintiff's car was proximately caused by such failure. The undisputed evidence rebuts any such inference. On the contrary, the evidence shows that the plaintiff's Ford car was proceeding with apparent perfect safety and suddenly stalled on defendant's track, and that the

sounding of the gong or other warning could not have caused it to get off of the track in time to have avoided the collision. If the failure of defendant's motorman to sound the gong, in compliance with the city ordinance, did not proximately contribute to plaintiff's injury, the failure to so sound it would not authorize a recovery. Under the evidence, this question should not have been submitted to the jury. Bryant, Adm'r, v. Southern Ry. Co., 137 Ala. 488, 34 South. 562. ,

The basis of the seventh assignment of error is the refusal of the trial court to give the general affirmative charge as requested by the defendant. This is insisted upon on two theories: First, that there was no evidence to warrant the jury in finding that the defendant was guilty of subsequent negligence; and, second, that plaintiff was itself guilty of contributory negligence in going on defendant's track without first stopping, looking, and listening.

[4, 5] The duty of the motorman is to operate the car with reasonable celerity, within the speed limit fixed by city ordinance, if there be such, for the accommodation of the traveling public and exercising due care to protect from injury not only his passengers, but those who are on the street. 25 R. C. L. p. 1216. Where the legislative power to regulate the speed of street cars has been exercised, such regulation as to maximum speed is not to be taken as a license to run cars at the maximum speed fixed by ordinance, regardless of surrounding conditions. The public has a right to the streets as well as the street cars, and motormen must operate them with due regard to those rights. The rule for the operation of street cars was laid down in Anniston El. Co. v. Rosen, 159 Ala. 195, 48 South. 798, 133 Am. St. Rep. 32; and followed in Jordan v. A. C. G. & A. Ry., 179 Ala. 297, 60 South. 309; Mobile L. & R. R. Co. v. Drooks, 11 Ala. App. 603, 66 South. 824; Birmingham R., L. & P. Co. v. Norton, 7 Ala. App. 578, 61 South. 459. In the Rosen Case it was said:

"This necessarily imposes upon the carrier the duty to operate its cars, in public streets, under such speed, as that, if persons or property be upon or dangerously near the track of the street railway, the car may be, with skillful application of stopping appliances, stopped, and injury thereto averted."

To do this the car of defendant must have been run at such speed as that the motorman, keeping a diligent lookout ahead, could have stopped the car within the distance of his range of vision, under the conditions existing on the street at the time. If by reason of a fog or a lack of a proper headlight the motorman could not see more than 75 feet ahead, while running along the streets of a populous city, where people were liable to be at any and all times, then he must run the car at such speed as that it may be stopped within that distance, if the necessity arises. If, on the other hand, the plaintiff's Ford was proceeding along the track, moving in the same direction as defendant's car, or if it was crossing the track, the car being run at a speed which, under the conditions, did not constitute negligence, and it was not apparent to the motorman that the Ford car was in danger, although it was too close to defendant's car, to prevent accident, when the motor in the Ford car "went dead," and stopped, the plaintiff would not be entitled to recover, not because of contributory negligence, but because of unavoidable accident.

[6, 7] Nor was the defendant entitled to affirmative instructions on account of the contributory negligence of plaintiff. Conceding that plaintiff was guilty of negligence in going on the track, the damage was not proximately caused by the act of going on the track, but by the accidental stopping of plaintiff's motor, and therefore did not proximately contribute to the injury. The question under the replication was one of subsequent negligence on the part of defendant according to the rule above stated and was properly submitted to the jury.

[8] For the reasons hereinbefore given, charge L, as applicable to the fourth count, was properly refused. If the jury should find from the evidence that the motorman on defendant's car was running the car along a street in a populous part of the city, where people and vehicles were liable at any time to be upon the track, at a speed at which the car could not be stopped at a distance within the range of vision of the motorman, he keeping a diligent lookout, by the application of the proper appliances, or, not exceeding such speed, the motorman was not keeping a proper lookout, it would be negligence, and, if such negligence proximately contributed to plaintiff's injury, plaintiff would be entitled to recover, although plaintiff's going on the track was negligence in the first instance; it being shown that plaintiff's negligence did not contribute to the injury.

[9] The court did not err in refusing to give, at the request of defendant, the general charge as to count 4. The ordinance limiting the speed of street cars driven by high-power motors through the streets of a city at a rate of speed not exceeding 15 miles per hour, is not an unreasonable regulation. 25 R. C. L. pp. 1181, 1182. While the evidence is slight, still, under our decision, there is sufficient evidence in the case to make this a jury question. Mobile L. & R. Co. v. Thomas, 16 Ala. App. 629, 80 South. 693.

The basis for the eleventh assignment of error, was the refusal of the trial court to give the following written charge at the request of the defendant:

"The court charges the jury that the motorman in charge of an electric car, that sees an

automobile in charge of an adult chauffeur proceeding ahead of his car, has the right to continue to run his car upon the assumption that the automobile will get out of the track before the car reaches it, as long as the chauffeur has the opportunity to do so, and cannot be put at fault for a collision which is brought about by the fact that the automobile suddenly stops upon the track, when the car is too close to it to be stopped in time to avoid a collision."

[10] This charge asserts a correct proposition of law, but in this case was abstract. Under the undisputed evidence, when the motorman first saw the Ford car, it was stopped, and there was no evidence that would warrant the motorman in assuming that the Ford car would get out of the way.

[11] The other written charges, requested in writing and refused to the defendant, were either properly refused, or were covered by the court's oral charge, or they are covered by the general rules governing this case, as hereinabove set out.

[12] That portion of the court's oral charge to which exception was reserved, as follows:

"It [the street car company] don't owe any duty to anybody as long as it runs its cars at a reasonable rate of speed and operates its cars in such manner as to be able to stop it after observing a man on its track is in peril"

—when taken alone, appears to be an inapt statement, but, when considered along with the entire charge, is free from error, and on another trial will doubtless be so modified as to meet the views expressed in this opinion.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.