184 So. 346

### BURNS v. BYTHWOOD.

### 6 Div. 207.

Court of Appeals of Alabama.
June 30, 1938.

Rehearing Denied Oct. 4, 1938.

J. B. Ivey, of Birmingham, for appel-
lant.

Dan P. Barber, of Birmingham, for appellee.

SAMFORD, Judge.

The cause originated in the Intermediate Civil Court of Birmingham, Ala. The suit in that court was against this defendant and D. Lusco. Judgment was rendered against both defendants, and this defendant alone appealed to the Circuit Court where the plaintiff, by his attorney, filed Count "A" as follows:

"The plaintiff claims of the defendant the sum of Ninety-Four and 50/100 ($94.-50) Dollars for this: that on to-wit: February 22, 1937, plaintiff's car was parked on a public street in the City of Birmingham, Alabama, at to-wit: the intersection of Ave. F with 8th Street, and defendant so negligently conducted himself in the operation of his automobile at said time and place that a third automobile was caused to collide with plaintiff's said automobile, and as a proximate consequence of said collision and defendant's negligence, plaintiff's automobile was greatly damaged and rendered less valuable."

To this count the defendant filed demurrer, assigning ten grounds. This demurrer was overruled, and the cause proceeded to trial upon the plea of not guilty.

■ Under our system of pleadings, where, in a negligence case, the complaint shows a duty owed by defendant to the plaintiff, and a breach of that duty to the injury of plaintiff as a proximate cause thereof, very general averments of negligence will suffice. Tennessee Coal, Iron & R. R. Co. v. Smith, 171 Ala. 251, 55 So. 170; Sloss-Sheffield Steel & Iron Co. v. Weir, 179 Ala. 227, 60 So. 851; Davis v. Drennen Co. Department Store, 189 Ala. 683, 66 So. 642; other authorities collated in 15 Ala. Digest, Negligence, p. 330, ☞108 (1).

■ Under the authorities above cited, the court was not in error in overruling defendant's demurrer to the complaint.

The suit was for the damages to plaintiff's automobile. The facts, without dispute, disclose the damage as alleged. The plaintiff's automobile was parked on the side of Avenue F parallel with the curb and facing east, and at a place where it had a right to be. Plaintiff's car was run into and injured by a Ford Truck driven by Elliott Bruce. The Ford Truck was proceeding along Avenue F, and when it arrived at Ninth Street, at the point where Ninth Street crosses Avenue F, the truck collided with defendant's car, as a result of which Bruce was thrown from the truck; the truck dashed on without a driver, striking the rear of plaintiff's automobile thereby doing the damage complained of.

■ The foregoing evidence is without conflict, but from this point on the testimony for the plaintiff and the defendant is irreconcilable; that for the plaintiff tending to prove that the collision between the truck and the defendant's car was due to the negligence of the defendant, and that for the defendant tending to prove that the fault of the collision was entirely that of the driver of the truck. This, of course, was a question for the jury.

Another question, properly submitted to the jury under the facts, was as to whether or not there was a causal connection between the damage to plaintiff's car by such unbroken sequence so that the negligence was not only a cause, but was the proximate cause of the injury. Decatur Car Wheel & Mfg. Co. v. Mehaffey, 128 Ala. 242, 29 So. 646.

If the defendant negligently ran into the truck being driven by Bruce, and that negligence caused the truck to run into and injure plaintiff's car, there was not only causal connection between the negligence complained of and the injury suffered, but such damage would be by a natural and unbroken sequence without intervening efficient cause, so that but for the negligence complained of, the injury would not have occurred. Tobler v. Pioneer Mining & Mfg. Co., 166 Ala. 482, 52 So. 86. This question was also properly submitted to the jury under a correct charge by the trial judge.

■ The general rule as laid down in 45 C.J. 932 (492)4 is: "Where an intervening cause, which would not alone have caused the injury complained of, is set in operation by an original wrongful act, which is the probable cause of such injury, the person who set the original cause in opera-

tion will not be relieved from liability by reason of such intervening cause."

■ Another rule concisely stated, and well known, appears in 45 C.J. 895 (476): "If the concurrent negligence of two or more persons combined together results in an injury to a third person, they are jointly and severally liable and the injured person may recover from either or all; the concurring negligence of one is no excuse or defense to another; each is liable for the whole, even though another was equally culpable, or contributed in a greater degree to the injury."

The above rule is recognized and approved in Chambers et al. v. Cox, 222 Ala. 1, 130 So. 416.

■ There can be no doubt, from the evidence in this case, that the damage to plaintiff's car was the proximate result of a collision between defendant's car and the Ford Truck without such intervening cause as would preclude recovery. And, under this evidence, it was open to the jury to find that the negligence complained of was that of the defendant.

We are in full accord with the authorities quoted from and cited by appellant's counsel in the exhaustive brief filed by him in this case, but none of these cases are in conflict with what has been said in the foregoing opinion; nor, are they contrary to the rulings of the lower court on the trial of this case.

There are no questions, new or novel, presented by this record. And, without passing in detail upon the twenty-five written charges requested by the defendant and refused by the court, we simply say where these refused charges state correct propositions of law the same principles had been given by the court in its oral charge, or in the written charges given at the request of the defendant.

Other rulings of the court, if error, were without injury.

We find no error in the record and the judgment is affirmed.

Affirmed.

## On Rehearing.

It is insisted by appellant on rehearing that this court in affirming the decision of the lower court overlooked, or ignored, the rule as to the proof of the measure of damages. It is insisted that the plaintiff failed to meet the measure of proof necessary to sustain the verdict in favor of the plaintiff. To sustain this contention we are cited numerous authorities to support the contention that "the measure of damages of one whose auto truck is damaged by a street railroad is the difference between the market value of the car and its contents immediately before and immediately after injury." Mobile Light & R. Co. v. R. O. Harris Grocery Co., 17 Ala.App. 354, 84 So. 867.

■ This is the general rule adhered to in this State in many decisions, and it is recognized that the proper way of proving the damage to personal property is, first, to prove the value of the property immediately before, and, second, the value of the property immediately after an accident. But this is no Procrustean rule. The purpose of such proof is to ascertain the true damage to plaintiff's property. And, when this fact can be ascertained from the evidence, a failure to make the proof, as above indicated, will not be reversible error. This principle is recognized in Mobile Light & R. Co. v. Gadik, 211 Ala. 582–585, 100 So. 837, where the Supreme Court, speaking through Bouldin, Judge, said [page 839]:

"In fixing the measure of damages it is the aim of the law to reimburse the actual loss. This loss is usually ascertained by finding the difference between the reasonable market value immediately before and immediately after the injury. This is generally declared to be the true measure of damages. Direct proof of values depends generally on opinion evidence. These opinions often differ widely, especially in case of injury to valuable machinery like an automobile. The uncertainty as to whether repairs will restore it to its original condition must often enter into the estimate of loss of value.

"When the injury may be fully repaired, the reasonable cost of repairs is the proper subject of inquiry. * * * No hard and fast rules should be imposed upon the trial court in the admission of evidence touching the elements upon which a fair judgment of the loss in market value may be ascertained."

So it will be seen that our Supreme Court has somewhat relaxed the rigid rule as to proof of damages to personal property, and has based its decisions more in line with the decisions of other courts.

In the instant case John Lee Hayes, having been qualified as an expert mechanic, testified:

"Several months ago I was called to go to Mary Bythwood's where I found her car parked in the back yard at Avenue F. and Ninth Street, to inspect her car to see what damage had been done to it. I estimated the damage at $90.00.

"The rear end of the car was damaged. The left rear frame was bent. Back panel was mashed in. Rear left fender was bent, and left rear tire was bursted."

This testimony was admitted without objection and without denial on the part of the defendant. If this method of proof of damage to plaintiff's car had been objected to, a different question might have arisen. However, the estimate of damages to personal property, whether proven in the accepted way, or as was done in this case, is a matter of opinion; the value of which is dependent upon the experience of the witnesses testifying.

The better rule, supported by numerous authorities, is that "where there is more than one method of estimating damages, that method which is most definite and certain must be adopted." 17 C.J. 846.

Appellant's counsel also insists that this court was in error in holding that "where refused charges stated correct propositions of law, the same principles had been given by the court in its oral charge or in written charges given at the request of the defendant." And our attention is directed to that class of charges assuming that there were facts from which the jury could infer that the accident was "a pure accidental occurrence." As was pointed out in the original opinion: "There can be no doubt, from the evidence in this case, that the damage to plaintiff's car was the proximate result of a collision between defendant's car and the Ford Truck without such intervening cause as would preclude recovery." We now hold that the damage to plaintiff's car was the result of negligence, either on the part of the automobile or the truck which were in collision and those charges requested by the defendant assuming unavoidable accident were abstract.

The opinion is extended.

The application for rehearing is overruled.

Application overruled.