# Birmingham Railway, Light & Power Co. v. Owens.

*Action against Street Railway Company by Passenger for Personal Injuries.*

1. *New trial; when judgment refusing same reversed.*—On an appeal from a judgment refusing a new trial, on the ground that the evidence was not sufficient to support the verdict, or that the verdict was contrary to the evidence, if, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust, the judgment refusing the new trial will be reversed.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This action was brought by the appellee, Samuel L. Owens, against the appellant, the Birmingham Railway, Light & Power Company, to recover damages for personal injuries, alleged to have been received on account of the negligence of the defendant in the management of a street car, by reason of which alleged negligence the plaintiff, while attempting to alight from said car, was thrown violently to the ground. The plaintiff claims $5,000 damages. The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

There were verdict and judgment for the plaintiff, assessing his damages at $500.

The defendant made a motion for a new trial, on the ground that the verdict of the jury was contrary to the evidence. This motion was overruled, to which ruling the defendant duly excepted. The defendant appeals, and assigns as error the judgment of the court in overruling its motion for a new trial.

[Birmingham Railway, Light & Power Co. v. Owens.]

WALKER, TILLMAN, CAMPBELL & WALKER, for appellant, cited *Teague v. Bass*, 131 Ala. 422; *Railway Co. v. Clay*, 108 Ala. 236; *Cobb v. Malone*, 92 Ala. 630; *Davis v. Miller*, 109 Ala. 600.

BOWMAN, HARSH & BEDDOW, *contra*, cited *Tenn. C. I. & R. R. Co. v. Stevens*, 115 Ala. 463; *Cobb v. Malone*, 92 Ala. 630; *Taylor v. Conley*, 113 Ala. 586; *R. R. Co. v. Barnhart*, 113 Ala. 495; *Jones v. Tucker*, 31 S. R. 21; 14 Ency. Pl. & Pr., 976, 978.

McCLELLAN, C. J.—The testimony of the plaintiff alone tends to show that the car was stationary when he attempted to alight from it, and that when he was in the act of alighting it was put in motion with a jerk which threw him to the ground and inflicted the injuries of which he complains. Four wholly disinterested witnesses testify that the car was in rapid motion, going from eight to twelve miles an hour, when the plaintiff attempted to alight, and that it was this motion of the car, well known to him, of course, which caused his fall and injuries. Their testimony is corroborated by undisputed evidence as to other circumstances of the occurrence—the location of the accident at a place where it was not customary or proper for cars to stop, the juxtaposition of plaintiff's boarding house, the extreme violence of the fall, he being turned topsy turvy thereby and alighting on his head so that his attitude when he struck the ground was much that of a man standing on his head, a thing, we take it, much more likely to occur when a man unaccustomed to the feat attempts to get off a rapidly moving car than when he falls in consequence of a stationary car being put in motion when he is in the act of alighting, etc., etc.,—and the plaintiff's testimony is wholly lacking in corroboration of any sort. This state of the case shows so clearly to our minds that the preponderance of the evidence was so greatly against the verdict for the plaintiff—so clearly establishes both the absence of negligence on the part of the defendant, and the want of due care on the part of the plaintiff—that we feel justified in affirming, the presumption of

[Hand *et al.* v. Stapleton *et al.*]

the correctness of the trial judge's action to the contrary notwithstanding, that the court below erred in denying defendant's motion for a new trial.—*Birmingham Electric R'y Co. v. Clay,* 108 Ala. 233; *Teague v. Bass,* 131 Ala. 422. The judgment for plaintiff and the order overruling the motion for a new trial must be reversed. A judgment will be here entered granting the motion and setting aside the verdict. The cause will be remanded.

Reversed, rendered in part and remanded.