# People's Savings Bank & Trust Co. *v.* Keith.

## *Action of Assumpsit.*

1. *Motion for new trial; when rulings upon evidence on the trial will not be reviewed on appeal.*—When, after a judgment in a civil case, a motion for a new trial is made and such motion is continued until the next term of the court and no bill of exceptions is taken and signed at the term of the court at which the trial was had, on an appeal from a judgment of the trial court overruling the motion for a new trial, the rulings of the court on the admission and rejection of evidence during the trial will not be reviewed.

2. *New trial; when should be granted.*—The judgment of a trial court in refusing to grant a new trial on the insufficiency of evidence or that the verdict was contrary to the weight of the evidence, will be reversed if, after allowing all reasonable presumption of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it was wrong and unjust.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This was an action brought by the appellee against the appellant. The facts of the case are sufficiently stated in the opinion.

The appeal is from a judgment of the trial court overruling a motion for a new trial. The appellant assigns this judgment as error, and also assigns as error the rulings of the court upon the admission and rejection of evidence on the trial of the case.

WALKER, TILLMAN, CAMPBELL & WALKER, for appellant.

BANKS & SELHEIMER, contra.

DOWDELL, J.—This was an action brought by the appellee against the appellant bank for $217.52, which appellee claimed to have on deposit in said bank, and which it, the bank, refused to pay her on demand. The pleas were the general issue and payment. On the trial, the jury rendered a verdict in favor of the plaintiff. The defendant moved the court to set aside the verdict, and that it be granted a new trial on several grounds, among which was that the verdict was contrary to the weight of the evidence. This motion was denied, and this constitutes the only question presented by the record for our consideration. There are other assignments of error, but they relate to rulings of the court on the admission and rejection of evidence on the trial, and these cannot be considered, since no bill of exceptions was taken and signed at the term of the court at which the trial was had. The bill of exceptions contained in the transcript was signed at a subsequent term of the court to that at which the trial was had, and in the term at which the motion for a new trail was heard and acted on. It may, therefore, be looked to for the purpose of reviewing the action of the court on the motion for a new trial, and only for that purpose. In *Cobb v. Malone & Collins*, 92 Ala. 630, this

court laid down the following rule, which has ever since been followed, in reviewing the action of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence: "The decision of the lower court will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of 'the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust." The contention in the case was over the genuineness of the check of March 5th, 1898, for $217.52, the amount of balance claimed by the plaintiff. The appellee, plaintiff, testifying in her own behalf, denied signing the check and getting the money. In this respect no other witness was introduced by her. John D. Elliott, cashier of the defendant bank, and W. T. Latham, one of its employes, were introduced as witnesses for the defendant, and both testified in a most positive manner to having seen the plaintiff sign the check and get the money. She was a depositor with the bank, and made frequent visits to it, and these witnesses knew her well. They related the circumstances of her visit when she signed the check and got the money. Expert testimony was offered by both sides as to the genuineness of the signature. Two of the expert witnesses, sworn on behalf of the defendant, testified to their familiarity with the handwriting of the plaintiff, and they each swore that the signature to the check was in the handwriting of the plaintiff. Three other expert witnesses after comparing the disputed signature, with one admitted to be genuine, gave it as their opinion, that the disputed signature was in the handwriting of the plaintiff. Two expert witnesses testified for the plaintiff, but neither of them were familiar with the plaintiff's handwriting. They both testified by comparison of writings. One of these witnesses expressed it as his opinion, that the disputed check was not signed by the same person, who wrote the signature admitted to be genuine. The other witness swore that there was a difference between the genuine signature and that signed to the disputed check, but that he would not say, that they

were not both signed by the same person. The plaintiff swore that she never signed a check with her initials, but always signed with her full name using only her middle inital. Her name was Mary D. Keith, and the check in question was signed M. D. Keith. This was given as a reason why she knew that she did not sign the check. The defendant introduced evidence showing that she had signed checks to other banks with which she did business, sometimes with her full name, and sometimes with only her initials. A check was produced in evidence, signed by her with only her initials, on the Steiner Bank, and was not denied.

The preponderance of the evidence, and there is nothing in the remaining evidence which we have carefully considered to affect its weight, is so decidedly contrary to the verdict, as to clearly convince us that it is wrong and unjust. Our conclusion does not impute to the plaintiff dishonesty in her testimony, since it is reconcilable with honesty, in her failure to remember that she signed the check and got the money. Her recollection was undoubtedly at fault as to her never having signed a check with only her initials. The testimony of the other witnesses, equally reputable, is a positive statement of recollection of facts that transpired, and which they witnessed. Their statements must be true or false, and, if untrue, cannot be reconciled upon the theory of a want of recollection. We think that justice requires, that the right to have another jury pass on the case should be given the defendant.

The judgment denying the motion for a new trial will be reversed, and a judgment granting the motion will be here rendered and the cause remanded.

Reversed, rendered and remanded.