## WEBB v. O'KELLY. (7 Div. 552.)

(Supreme Court of Alabama. April 16, 1925.
Rehearing Denied May 28, 1925.)

**1. Highways ⬡184(2)—Verdict for plaintiff in automobile collision case held not against weight of evidence.**

In action for damages caused to automobile by collision, where question was whether defendant's car caused the injury, verdict for plaintiff *held* not against weight of evidence.

**2. Damages ⬡174(1)—Plaintiff may state cost of repairing damaged car, where shown it was reasonable cost.**

The difference in value of car before and after injury may be shown by reasonable cost of restoring it, and hence it was not error to permit plaintiff to state cost of repairing it, where shown it was reasonable cost.

**3. Appeal and error ⬡1050(2)—In action for damages, testimony as to cost of car, while immaterial, held not prejudicial.**

In action for damages to automobile, testimony as to its cost, while immaterial, *held* not prejudicial.

Appeal from Circuit Court, Calhoun County; S. W. Tate, Judge.

Action by W. M. O'Kelly against W. Earl Webb. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 7326, Code of 1923. Affirmed.

The plaintiff complains of the defendant that he negligently ran his motorcar against plaintiff's car, on a road or street leading into Anniston, whereby plaintiff's car was overturned and wrecked, and plaintiff himself suffered personal injuries.

The undisputed evidence showed that as plaintiff's car was approaching a bridge it was first struck from behind, immediately following which a car passed around to its left, and with its right front hub or wheel struck plaintiff's left front wheel, driving his car through the railing of the bridge, and causing the damage complained of.

Plaintiff testified that he saw the car that struck him, and its occupants, and that it was defendant's car.

Plaintiff was allowed to show, over defendant's timely objection, that the car cost him $462.50, and also that he paid a bill of $73.50 for the repair of the damage done to it. The mechanic who did the work afterwards testified that the repairs amounted to about $70, which was the reasonable value.

There was verdict and judgment for plaintiff; and, defendant's motion for new trial being overruled, defendant appeals.

Lapsley & Carr, of Anniston, for appellant.

The only evidence of the crucial fact being plaintiff's own uncorroborated statement, which was disproved by a number of eyewitnesses, a new trial should have been granted.

B. R., L. & P. Co. v. Owens, 135 Ala. 154, 33 So. 8; Sou. Ry. v. Grady, 192 Ala. 515, 68 So. 346; People's B. & T. Co. v. Keith, 136 Ala. 469, 34 So. 925; Teague-Barnett Co. v. Bass, 131 Ala. 422, 31 So. 4; B. E. R. Co. v. Clay, 108 Ala. 235, 19 So. 309; Wilk v. Key-Simmons Co., 117 Ala. 285, 23 So. 6; Twinn-Tree L. Co. v. Day, 181 Ala. 565, 61 So. 914; Cudd v. Bentley, 204 Ala. 586, 87 So. 85.

Hugh Walker, of Anniston, for appellee.

Counsel discuss the questions raised, but without citing authorities.

SOMERVILLE, J. The disputed question of fact in the case was whether defendant's car was the car that struck plaintiff's car, and thereby caused the injury complained of.

The only testimony directly identifying defendant's car as the guilty agent was the testimony of plaintiff himself. The only testimony exculpating defendant's car was the testimony of defendant himself, and of his wife, who was driving the car, and of his mother, who was sitting on the back seat. These three testified that their car did not strike plaintiff's car, and that they neither saw nor felt any collision, but that they passed safely around on the left side.

If this were all that the testimony showed, there would be no sufficient reason for disturbing the verdict in this case. Defendant's contention is that there are several other factors which fatally impair the credibility of plaintiff's testimony, and create an overwhelming preponderance of the evidence against him. These impeaching factors are:

(1) On cross-examination, plaintiff testified:

"I did not have a conversation with Mr. Webb the Wednesday after this accident occurred, at his store. On Wednesday or Thursday morning, I did have a conversation with him out there. I did not state in that conversation that I did not know who it was that struck me, and I was taking somebody else's word for it. He said, 'You can't prove it was me.' *I did kinder, in one way, say, in substance, what you have just asked me.*"

Just what question was asked does not appear from the bill of exceptions, though it may be fairly inferred that plaintiff said something indicative of uncertainty in his own mind as to the identity of the colliding car.

(2) Plaintiff testified that the car in question struck his front wheel with a "big crash." It was established by a number of witnesses that, shortly after the collision, careful examination of the front and side of defendant's car failed to disclose the presence of any bruise, or indentation, or mark of any kind. But it is possible for such a collision to occur without leaving any sign of it on the

more active car, according to the testimony of Lindsay, one of defendant's witnesses. And the testimony seems to show that no visible injury was done to the left front part of plaintiff's car, the point of impact.

Defendant's argument is that, where a plaintiff's case is not supported except by his own testimony, and he is contradicted by a number of witnesses, by his own contradictory statement, and by the clearly established physical facts of the case, a verdict in his favor ought not to be allowed to stand as held in several well-considered decisions of this court. B. Ry. L. & P. Co. v. Owens, 135 Ala. 154, 33 So. 8; Southern R. Co. v. Grady, 192 Ala. 515, 518, 68 So. 346; People's B. & T. Co. v. Keith, 136 Ala. 469, 471, 34 So. 925.

In this case, however, it must be observed that the only witnesses who contradicted plaintiff were the defendant, his wife, and his mother, none of them disinterested; also the alleged contradiction by proven physical facts is by no means clear. The only feature, therefore, upon which defendant can rely, is the more or less contradictory statement made by plaintiff to defendant.

But defendant's main contention, that plaintiff's identification of defendant's car, as the one that collided with him, is without support from any other witness, is refuted by the bill of exceptions; for the testimony of Nolen that defendant's car was next behind his own in passing plaintiff's, and the testimony of Halpin that it was the second car that collided with plaintiff's, give direct and positive support to plaintiff's identification.

Taking the evidence as a whole, we do not feel that clear conviction of error and injustice in the jury's verdict that is requisite for setting it aside on appeal by reversing the action of the trial judge on the motion.

[2] The difference between the value of an article before and after an injury may be shown by proof of the reasonable cost of restoring it to its original condition. Columbia Motors Co. v. Williams, 209 Ala. 640, 96 So. 900. Hence there was no prejudicial error in allowing plaintiff to state that the cost of repairing his damaged car was $73.50; it being shown later by the testimony of the mechanic who did the work that it was the reasonable cost.

[3] The cost of the car was not material, but we are unable to see how plaintiff's testimony that he paid $462.50 for it which was the regular market cash price, could have possibly been prejudicial to defendant. We would not reverse the judgment for so trifling a matter as that.

Finding no prejudicial error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.