42 So.2d 58

## POWERS et al. v. WILLIAMS.
### 8 Div. 740.

Court of Appeals of Alabama.
Aug. 15, 1949.

Griffin, Ford, Caldwell & Ford and Lanier, Price, Shaver & Lanier, all of Huntsville, for appellee.

C. L. Watts and Walter F. Eigenbrod, of Huntsville, for appellants.

HARWOOD, Judge.

Appellee here, plaintiff below, filed a complaint in the court below against C. C. Powers and Rosetta Powers claiming damages resulting from a collision of a car driven by Rosetta Powers with the automobile of the appellee, plaintiff alleging that Rosetta Powers was acting as agent for C. C. Powers, owner of the automobile, at the time of the collision.

The defendants below entered pleas not guilty; of contributory negligence on the part of the plaintiff; and each filed pleas of recoupment, C. C. Powers claiming damages of $400.00 to his automobile in his pleas of recoupment, and Rosetta Powers claim-$1000.00 damages for personal injuries, etc. in her pleas.

The plaintiff's demurrers to these pleas being overruled, pleading was thereafter in short by consent, and issue was so joined.

The evidence presented by the plaintiff below tended to show that in May 1947 he was driving north along Lincoln Street in the City of Huntsville. At the intersection of Lincoln Street and Clinton Street plaintiff entered said intersection on a facing green light. The defendant Rosetta Powers approached the intersection from an easterly direction, ran the red light facing her at the intersection, and collided with the left front part of plaintiff's automobile almost in the center of the intersection.

For the defense Rosetta Powers testified that as she approached the intersection in question the traffic light was red against her. She brought her automobile to a stop, and waited for the light to change green in her favor before entering the intersection, where she claims she was run into by the plaintiff.

In rebuttal two eyewitnesses, who knew neither party to this suit prior to the collision, testified that Rosetta Powers entered the intersection when the red light was against her, and without having stopped, her speed being around 20 or 25 miles per hour as she entered the intersection.

The record shows that the complaint was filed in this cause on October 16, 1947, by Griffin, Ford, Caldwell, and Ford, as attorneys for the plaintiff.

The defendants pleas were filed on November 25, 1947.

Thereafter, on December 18, 1947, a motion to strike defendants' pleas of recoupment was filed in the name of Griffin, Ford, Caldwell and Ford, and also Lanier, Price, Shaver, and Lanier, as attorneys for the plaintiff. All of plaintiff's pleadings thereafter were signed by both firms.

The pleadings were settled, and issue joined on May 3, 1948.

Thereafter, on May 12, 1948, the day of trial, the defendants filed a motion to allow defendants' counsel to examine members of the law firm of Lanier, Price, Shaver and Lanier, for the purpose of eliciting evidence showing the name of the insurer of plaintiff's automobile to the end that the jury might be properly qualified, it having been alleged in said motion that the above mentioned law firm had entered said cause for the limited purpose of de-

582

fending against defendants' pleas of recoupment. This motion was denied by the court.

Section 52, Title 30, Code of Alabama 1940, gives to the parties in civil or criminal cases the right to examine jurors as to their qualifications, interest, or bias, that would affect the trial of the case, and the right, under direction of the court, to examine the jurors as to any matter that might tend to affect their verdict. This record does not disclose that this privilege was attempted to be exercised in this case, other than vicariously by means of the motion above mentioned. The statute does not provide for such vicarious method. In our opinion the court properly denied the above motion. There is no duty on the part of an attorney to disclose to the adverse party information which he has received from his client, in order to aid the adverse party in qualifying the jury; nor was there any privity of contract between the defendant here and any insurance company the plaintiff may have contracted with requiring such disclosure. See Ryan **v.** Noble, 95 Fla. 830, 116 So. 766.

At the completion of the evidence the court gave rather detailed instructions to the jury as to the verdicts that might be rendered. Among other things the court instructed the jury along these lines as follows:

"If on the other hand you were not reasonably satisfied that the plaintiff was entitled to recover in his suit, but you were reasonably satisfied from the evidence that either the defendant, C. C. Powers, or the defendant, Rosetta Powers, was entitled to recover upon their pleas of recoupment, then you would assess the damages to the defendant, whichever one of the defendants, or both of the defendants if you were finding for both of the defendants, against the plaintiff. You would assess the damages under whichever plea of recoupment you were finding, in favor of the particular defendant and assess the damages. If you were finding for the defendant, C. C. Powers, and assessing damages on his plea of recoupment, you would award him such a sum as you found from the evidence would reasonably and fairly compensate him for the damages to

his automobile, not exceeding the sum of Four Hundred Dollars claimed in his plea of recoupment. If you were finding for the defendant, Rosetta Powers, under either one of her pleas of recoupment, you would fix a sum as would fairly and reasonably compensate her for her physical injuries and mental pain and suffering and sickness, not exceeding the amount of One Thousand Dollars which she claims in her pleas.

"If on the other hand as I say, you were not reasonably satisfied that the plaintiff was entitled to recover on his complaint, or that the defendants were entitled to recover on their pleas of recoupment, or if you were reasonably satisfied that the plaintiff was entitled to recover but you were further reasonably satisfied that he was guilty of contributory negligence at the time which proximately contributed to his injury, or that the defendant was entitled to recover but that they were guilty of contributory negligence at the time which proximately contributed to their damages, then, as I say, you would find for neither party, and the form of your verdict would be: We, the jury, find for the defendants.

"I believe under the evidence and under the pleadings as they now stand there are four possible forms of verdict for you to return. The first would be, if you were finding for the plaintiff and against the defendant, Rosetta Powers—and she is the only defendant you could return a verdict against—in that event the form of verdict would be: We, the Jury, find for the plaintiff and against the defendant, Rosetta Powers, and assess his damages at so many dollars, not exceeding as I say Four Hundred and Fifty Dollars, the amount claimed in the complaint, and we further find in favor of the defendant C. C. Powers. That last part is added to that because if you are returning a verdict in favor of the plaintiff, you also find in favor of the defendant, C. C. Powers, which eliminates him from the judgment, and, as I say, there is no evidence here which would authorize you to return a verdict against him under the evidence in the case.

"If you were finding for the defendant, C. C. Powers on his plea of recoupment

or either one of his pleas of recoupment, the form of your verdict would be: We, the Jury, find for the defendant, C. C. Powers on his plea of recoupment numbered—and you would either find on plea 3 or plea 4—whichever number you were finding for him on, and fix his damages at so many dollars.

"And another form of verdict would be, if you were finding for the defendant, Rosetta Powers, on her plea of recoupment numbered either 5 or 6: We, the Jury, find for the defendant, Rosetta Powers, on her plea of recoupment numbered either 5 or 6, and fix her damages at so many dollars, not exceeding the amount claimed in the plea of recoupment of One Thousand Dollars.

"And another form of verdict would be: We, the Jury, find for the defendant."

The court also gave at the request of the defendant, C. C. Powers, the following written charge:

"I charge you gentlemen of the jury that if you believe the evidence your verdict should be for the defendant, C. C. Powers."

■ The jury returned the following verdict:

"We the jury find for the plaintiff and against the defendant Rosetta Powers and assess his damages at $450.00, and we further find in favor of the defendant C. C. Powers." Judgment was entered awarding the plaintiff $450.00 damages against Rosetta Powers, and awarding the defendant C. C. Powers the costs in his behalf against the plaintiff. This judgment is dated May 12, 1948.

Thereafter, on June 22, 1948 the defendant C. C. Powers filed a motion to direct the Clerk of the Court to enter a judgment for the defendant C. C. Powers, in the minutes of the court, on the verdict of the jury, for the amount of $400.00. This motion was denied.

In our opinion the court properly denied the motion to amend the judgment as to the defendant C. C. Powers. The court in its oral charge explicitly and in detail instructed the jury as to the verdicts they could render, and the forms their verdicts should follow. No objection was interposed to these instructions. The verdict returned by the jury was in strict compliance with the instructions of the court. Davis v. Orum, Ala.App., 40 So.2d 442, certiorari denied, Ala.Sup., 40 So.2d 444. In addition, the right of a court to amend a verdict after discharge of the jury is limited to matters of form or clerical errors clearly manifest by the record, but never to matters of substance required to· be passed on by the jury, which, in their nature, are essential to the determination of the case and subject to dispute. W. T. Rawleigh Co. v. Hannon, 32 Ala.App. 147, 22 So.2d 603. While the evidence presented by C. C. Powers that· his automobile was damaged to the extent of $400.00 was uncontroverted, the general charge given the jury at C. C. Powers request contained the hypothesis "if you believe the evidence." For the trial court to substitute itself for the jury and say, after the jury had been discharged, what was the damage to C. C. Powers automobile would have been unauthorized.

The appellant Rosetta Powers, through counsel, argues that the lower court committed reversible error in overruling her objections, on the grounds that they were leading, to certain questions propounded by the plaintiff to his witnesses. We have examined these points, and in our opinion in no instance could it be deemed that the court had abused its discretion in the premises, or that the defendants below were probably injured in their substantial rights by any of these rulings.

■ Counsel for appellant Rosetta Powers contends that the lower court erred in permitting the witness J. W. Bunn to testify that Rosetta Powers had not stopped at the intersection prior to entering it, in rebuttal to her testimony that she had so stopped. The record discloses that no objection was interposed at any time to Bunn's testimony on rebuttal. There is therefore nothing before us for review on this question..

■ Counsel for appellant Rosetta Powers also urges that the lower court erred in the following instance during the cross examination of the plaintiff:

584

"Q. How many times have you travelled any other street in town?

"Mr. Ford: It is argumentative. We object to this. It is irrelevant and immaterial. He has already stated he doesn't know and he is not able to give an opinion about it, and Mr. Watts is just arguing with the witness.

"The Court: I think he said he didn't know and you will have to leave it at that.

"Mr. Watts: We except."

Just prior to the above question the plaintiff had testified on cross examination to the effect that he did not know how often "he had travelled" that intersection, and could not give an estimate as to how many times he had travelled it going in the same direction he was going on the day of the collision; that he had been living in Huntsville about four years, and he guessed the number of times he had crossed the intersection "would be normal," but he did not know how many times; that he had travelled Lincoln Street about as much as any other street in town.

In view of the testimony preceding the question to which the objection was sustained we think the court fully warranted in instructing counsel to leave the line of questioning being then pursued. The witness had stated he did not know, nor could he estimate the number of times he had crossed the intersection. His answers did tend to show he had travelled the street sufficiently to be familiar with it. The trial court, the subject having been rather thoroughly and exhaustively explored, was well within his powers in directing that the subject be left. Certainly it cannot be seriously argued that the court's ruling in the above premises probably injured the substantial rights of the defendants.

Charges 8, 9, requested by the defendant Rosetta Powers, and charge 14 requested by Rosetta Powers and C. C. Powers jointly, were properly refused as being affirmative in nature.

■ Charge 11, requested by the defendants, was properly refused as being an incorrect statement of the law involved.

■ Charge 12, requested by the defendant Rosetta Powers, and charge 13, requested by C. C. Powers, were refused without error, both charges being covered by the oral charge of the court.

■ Charge "A" was refused without error as it possessed misleading tendencies in emphasizing one phase of the evidence, in that the plaintiff has testified that he did look before entering the intersection. Further, while possibly stating a correct principle of law in the abstract, charge A makes no attempt to relate the effect of such principle to the issues of the case. It was also refused without error for this reason. Francis v. Imperial Sanitary Laundry & Dry Cleaning Co., 241 Ala. 327, 2 So.2d 388; Fleetwood v. Pacific Mutual Life Insurance Co., 246 Ala. 571, 21 So.2d 696, 159 A.L.R. 171.

In our opinion no error probably injuriously affecting the substantial rights of this appellant infects this record, and this cause is ordered affirmed.

Affirmed.

BRICKEN, Presiding Judge, not sitting.