69 So.2d 718

**WERT v. GEESLIN.**

**8 Div. 991.**

Court of Appeals of Alabama.

Aug. 11, 1953.

Rehearing Denied Nov. 10, 1953.

W. F. McDonnell, Gorman R. Jones, Jr., and McDonnell & Jones, Sheffield, for appellee.

Bradshaw, Barnett & Haltom, E. B. Haltom, Jr., and Geo. E. Barnett, Jr., Florence, for appellant.

**354**

PRICE, Judge.

This suit was instituted by Edward Geeslin against Thomas W. Wert, seeking to recover damages for injuries to his automobile alleged to have been caused by defendant when plaintiff's automobile collided with defendant's automobile on Second Street in the City of Sheffield.

The cause was submitted to the jury upon plaintiff's complaint, charging simple negligence, and defendant's pleas of the general issue and contributory negligence. Judgment was rendered in plaintiff's favor in the sum of $400. Defendant prosecutes this appeal.

The complaint contained two counts. Defendant demurred to each count, separately, assigning ten grounds. He concedes that said counts probably set out the duty owed plaintiff, but insists they fail to sufficiently aver (1) the breach of such duty; (2) that the injury allegedly sustained by plaintiff was the proximate consequence of defendant's negligence; (3) that it affirmatively appears that there is no causal connection between the alleged negligence of defendant and the alleged damage to defendant's automobile.

■ There is no merit as to the first point raised. The rule is that when facts are averred in the complaint showing a duty owed by defendant to plaintiff, a general averment of negligence is sufficient. Strickland v. Davis, 221 Ala. 247, 128 So. 233; Smith v. Tripp, 246 Ala. 421, 20 So.2d 870.

As to the other two contentions, the counts allege:

Count 2, "the defendant, who was then and there driving an automobile along said Second Street so negligently operated and drove the said automobile as to cause the plaintiff's automobile to collide therewith, and plaintiff avers that the said collision was proximately caused by the negligence of the said defendant."

Count 3, "plaintiff avers that the defendant then and there so negligently operated the said automobile as to cause

plaintiff's automobile, then and there being operated by plaintiff over and along the said Second Street at the said point, to collide with the said automobile being operated by the defendant; and plaintiff avers that the said collision was proximately caused by the negligence of the defendant as aforesaid."

■ The averments of each count sufficiently show causal connection and proximate cause. Williams v. Roche Undertaking Co., 255 Ala. 56, 49 So.2d 902; Alabama Power Co. v. Bass, 218 Ala. 586, 119 So. 625, 63 A.L.R. 1; Jack Cole, Inc. v. Walker, 240 Ala. 683, 200 So. 768; Burns v. Bythwood, 28 Ala.App. 335, 184 So. 346.

■ Charges numbered 2 and 3 were refused to defendant without error. Both charges were taken from a statement of law in the case of Government Street Lumber Co. v. Ollinger, 18 Ala.App. 518, 94 So. 177, decided prior to the enactment of the present road law, Acts 1927, pp. 371–372, §§ 15 and 17, Title 36, Code 1940, and are not in accordance with said statute. Buffalo Rock Co. v. Davis, 228 Ala. 603, 154 So. 556.

In the Ollinger case, supra, the court stated the rule announced there would have no application on the streets of a city where the passage of automobiles is constant and frequent, requiring of all drivers a high degree of care and watchfulness, and the evidence here was that the collision occurred on a busy street in the City of Sheffield.

■ These charges are also defective in that they submit a question of law to the jury, 18 Ala.Dig., Trial, ⊜199, and fail to explain what is meant by a "proper and lawful manner." Townsend v. Adair, 223 Ala. 150, 134 So. 637; Buffalo Rock Co. v. Davis, supra.

■ Furthermore, charge 2 states an abstract proposition of law without instructing the jury as to its effect upon the issues of the case. Johnson v. Louisville & Nashville R. Co., 220 Ala. 649,

127 So. 216; Francis v. Imperial Sanitary Laundry & Dry Cleaning Co., 241 Ala. 327, 2 So.2d 388; Powers v. Williams, 34 Ala.App. 579, 42 So.2d 58.

■ There was no error in overruling objections to questions propounded to the witness, David Geeslin, who was riding in the automobile with his brother, the plaintiff; "Q. Were you looking where you were going?" and, "Q. Were you and your brother looking at the road ahead of you?"

The questions called for the witness' statement as to the facts, and were not objectionable as calling for a conclusion nor as invasive of the jury's province.

■ The witness, David Geeslin, had testified on direct examination that the accident happened about noon on a Saturday. He had lived in Sheffield and knew the town. The accident occurred approximately 30 feet south of the intersection of Dover and Second Streets. Defendant drove out at the stop light at Jackson Highway where it intersects the road that goes to Muscle Shoals and plaintiff came in behind his car at that place. He followed defendant's car until the accident occurred. No other cars got between their automobiles. Both were traveling at about the same speed, around 30 miles per hour, with plaintiff's car about 30 feet behind defendant. Witness and plaintiff were looking at the road ahead of them and witness did not recall that he and his brother were having any conversation. Defendant's automobile stopped suddenly. Witness saw no cars directly in front of defendant, and didn't see a thing in the world that caused him to stop. There was a light at the intersection of Annapolis and Second Streets and he could see the intersection as they approached it. After the accident defendant said something about the reason he stopped was that cars were in front of him, but witness saw no car. It was approximately a block, lacking 30 feet, from where defendant was to the street light at the intersection of Annapolis and Second Streets. This question was then asked

the witness: "State whether or not if there had been any cars between Judge Wert's car and the second intersection you could have seen them." Defendant's grounds of objections were that the question called for opinion testimony and was invasive of the jury's province. The objection was overruled and the witness answered "Yes, sir."

Appellant insists the action of the court in allowing the witness to answer this question was highly prejudicial to defendant and constituted reversible error. It was defendant's contention on the trial that there were at least 9 or 10 automobiles ahead of him, proceeding in the same direction he was traveling, and a traffic light at the intersection of Second Street and Annapolis Avenue turned red, causing the cars in front of him to suddenly stop, forcing defendant to also stop suddenly.

■ Our courts hold that it is not necessarily reversible error to permit a witness to state his conclusion, where he has already stated the facts upon which his conclusion is based. Louisville & Nashville R. Co. v. Williams, 183 Ala. 138, 62 So. 679; Haas Bros. v. Craft, 9 Ala.App. 404, 64 So. 163; Tennessee Valley Sand & Gravel Co. v. Pilling, 35 Ala.App. 237, 47 So.2d 236, certiorari denied 254 Ala. 10, 47 So.2d 245; Huffstutler v. Edge, 35 Ala.App. 276, 47 So.2d 191; Resolute Fire Ins. Co. v. O'Rear, 35 Ala.App. 398, 47 So.2d 425; Arrick v. Fanning, 35 Ala. App. 409, 47 So.2d 708.

This witness having testified to facts upon which he based his answer, it was not reversible error to permit him to state his conclusions.

■ Plaintiff's witness, Lofton Baker, who was Shop Foreman and General Manager of the Baker Motor Company, after testifying on cross-examination that an estimate of the repairs necessary for plaintiff's automobile was made up under his supervision and guidance, but that he did not recall what it was, was asked: "Q. As a matter of fact the total estimate was $207.00 from your company?"

**356**

Plaintiff objected to the question on the ground, among others, that it was not the proper measure of damages, and not the way to ascertain the cost of the damage in this case. The court sustained the objection and the defendant duly excepted.

■ "In fixing the measure of damages it is the aim of the law to reimburse the actual loss. This loss is usually ascertained by finding the difference between the reasonable market value immediately before and immediately after the injury. This is generally declared to be the true measure of damages." Mobile Light & R. Co. v. Gadik, 211 Ala. 582, 100 So. 837, 839. See also Blackmon v. Gilmer, 221 Ala. 554, 130 So. 192.

The difference between the value of an automobile before and after injury may be shown by proof of a reasonable cost of restoring it to its original condition. Webb v. O'Kelly, 213 Ala. 214, 104 So. 505; Austin v. Tennessee Biscuit Co., 255 Ala. 573, 52 So.2d 190.

■ "Evidence of the amount required to make necessary repairs is an evidential factor which the jury is authorized to consider in arriving at the true measure of damages." Arrick v. Fanning, Ala. App., 47 So.2d 708, 712; Birmingham Ry., Light & Power Co. v. Sprague, 196 Ala. 148, 72 So. 96.

Two witnesses gave testimony as to the difference in the market value of the automobile before and after the injury. David Geeslin testified the value of the automobile before the injury was $2,400, and after the injury its value was $1,700 or $1,800. According to Lofton Baker the value of the automobile before the accident was about $2,300 and he fixed its value immediately after the injury at $1,500. He stated it was impossible to obtain needed parts at the time of the accident and the automobile was fixed so that plaintiff could use it. The evidence was undisputed that the car had not been completely repaired at the date of trial.

On cross-examination Lofton Baker testified in his judgment if the repairs listed in the estimate had been made plaintiff's automobile would have been put in first-class running condition and its value would have been $1,800.

This testimony, which is undisputed, shows that regardless of the amount of the estimate of the cost of repairs, the value of the automobile when repaired would be $500 less than it was before the injury. Plaintiff was awarded $400 by the jury.

■ The burden rests upon the appellant not only to show error by the record, but also to show that such error probably injuriously affected his substantial rights. Pacific Fire Ins. Co. v. Overton, 256 Ala. 400, 55 So.2d 123; Tennessee Valley Sand & Gravel Co. v. Pilling, 35 Ala.App. 237, 47 So.2d 236; Linton v. Morton, 240 Ala. 563, 200 So. 614; Supreme Court Rule 45, Code 1940, Title 7, appendix.

We are unable to affirm probable injury to defendant from the ruling of the court on the question to the witness Baker as to the amount of the estimate, nor, under the same theory, in sustaining plaintiff's objection to the question to David Geeslin on cross-examination: "Q. Mr. Geeslin, as a matter of fact it wouldn't cost but $207.00 to repair this automobile?"

The judgment of the trial court is affirmed.

Affirmed.

On Application for Rehearing.

PRICE, Judge.

In deference to the request of appellant's counsel we set out the testimony of Lofton Baker on direct examination and the part of the cross-examination which preceded the question as to the amount of the estimate of cost of repairs to plaintiff's automobile:

The witness testified that he was associated with Baker Motor Company, in Jasper, as shop foreman and general manager; part of his business was repairing automobiles; on or about June 25, 1950,

plaintiff brought a 1949 Studebaker Commander Sedan to Baker Motor Company to be repaired; witness personally saw the automobile; it was smashed up, the front end was knocked off of it; he helped tear it down himself; the damage was two front fenders; two headlights, the complete grill, front bumper, the fan belt, the wheels, the fan blade; the car was driven into his shop under its own power; he bought and sold automobiles as a part of the business and frequently bought wrecked automobiles and repaired them; he had sold around three hundred automobiles since he had been in the business of buying and selling; plaintiff's automobile was worth about $2,300 prior to the accident; it was a new Studebaker; it was worth about $1,500 in its wrecked condition; the automobile would have required a considerable amount of repair work to be put back in shape; at the time they couldn't get the parts but they fixed it so plaintiff could use it; it has not been completely repaired.

On cross-examination he testified his father owned Baker Motor Company; they repair automobiles and use first-class employees and produce first-class work; when a car is brought in for repairs he sees that the work of the mechanics is fit and proper and the car is repaired as it should be; when plaintiff's automobile was brought into the shop he or someone acting in behalf of Baker Motor Company made an estimate of the damages to the car and listed the parts needed for the repair and the labor charges and charges for the parts; the body man made the estimate under his supervision and guidance; he has seen the estimate but doesn't recall what it was; in his judgment if the repair listed in the estimate had been made plaintiff's car would have been put in first-class condition; it would be of somewhat less value after it had been wrecked, even though repaired; its reasonable cost market value before the wreck was around $2,300; its value after the wreck in its damaged condition and before it was fixed was $1,500; in his judgment after the repair had been made and the car put in good first-class condition it would be worth

about $1,800; that the reduced value would be around $500 less; the repair to Mr. Geeslin's automobile has not been made at this time.

Thereupon, the question in controversy, and to which the plaintiff's objection was sustained, was asked the witness:

"Q. As a matter of fact the total estimate was $207.00 from your company?"

Application Overruled.