76 So.2d 185

### JEFFERSON LIFE & CASUALTY CO.

v.

### Joseph W. WILLIAMS.

### I Div. 693.

Court of Appeals of Alabama.

Nov. 30, 1954.

Scott & Porter, Chatom, for appellant.

Wallace P. Pruitt, Chatom, for appellee.

HARWOOD, Judge.

Suit below was upon a "Special Family Group Hospital Policy."

The jury returned a verdict in favor of the plaintiff and judgment was entered accordingly. Defendant's motion for a new trial being overruled appeal was perfected to this court.

The complaint was in one count, and the defendant's demurrer thereto being overruled the defendant filed five pleas. Pleas 1, 2, and 3 were general pleas of denial of liability.

Pleas 4 and 5 were special pleas setting up certain provisions of the policy. For the purposes of this review we need only advert to plea 5, which was as follows:

5. For further answer to the Complaint the Defendant says that in the policy of insurance sued on this cause it is agreed that:

" 'This insurance shall extend to and cover hospitalization and any necessary surgery specified in surgical benefits in part two hereof due to heart disease, cancer, ulcer, diabetes, rectal diseases, hernia, but only if such condition shall originate after this policy has been maintained in force for ten months from date of issue.'

"And the Defendant shows unto this Honorable Court that Plaintiff seeks to recover in this cause for hospitalization due to an ulcer, or ulcers, and that said policy had not been maintained in force for a period of ten months from the date of issue when such ulcer, originated as agreed and required by the above quoted terms of the policy on which this suit is based, and hence the plaintiff cannot recover in this suit."

No further pleadings of any nature were filed, though it is apparent from the evidence introduced by the appellee (plaintiff below) that the case was tried on the theory that a waiver by estoppel resulting from statements by the appellant's agent nullified the effect of the provision of the policy set forth in plea 5.

Parties in a suit at law may by acquiescence or the introduction of evidence

waive formal pleading, and form their own issues on the evidence introduced. National Life & Accident Ins. Co. v. Curtin, 33 Ala.App. 50, 29 So.2d 577, and cases therein cited.

In the trial below the evidence presented by the plaintiff consisted of his own testimony, several exhibits in the form of receipted bills for medical expenses, the insurance policy sued upon, and the deposition of Dr. J. R. Moore of Mobile, Alabama.

The defendant presented no evidence.

The appellee testified that he "bought" the policy sued on from an agent of defendant named Fuller. That upon this occasion Fuller told him that the policy would be in effect in about thirty days, that is when he received it.

In this connection the record also shows the following:

"Q. Did he sell you a policy—at the time he was selling it to you, did he state to you that it would be ten months after you bought that policy before they would be liable for anything caused by heart desease, cancer, ulcers, diabetes, rectal diseases, hernia, before it came into effect?

"Mr. Porter: We object to that testimony as to what the agent may have told him was in the policy. The policy is the best evidence.

"Judge Pelham: Overrule the objection.

"Mr. Porter: We except.

"A. He never mentioned it. He never set out anything."

The plaintiff then introduced the policy, which is dated 13 April 1950.

Under the heading "Exceptions and Limitations" appears the provision set forth in plea 5.

The plaintiff further testified that on 1 January 1951 he became ill. On 3 January 1951 he consulted Dr. Childs, in Chatom. This physician gave him some medicine and told him to report back in three days. On the second visit to Dr. Childs he was advised to go to Mobile for X-rays.

Appellant went to Mobile and consulted Dr. J. Richard Moore on or about the 13th of January 1951. This physician made a diagnosis of ulcer of the stomach.

Dr. Moore testified by deposition that he first saw the plaintiff in his office, and then sent him to the Mobile Infirmary for X-rays. The plaintiff had several X-ray sessions at the infirmary, these being for diagnostic and not treatment purposes.

Dr. Moore testified that the plaintiff was never a resident patient in the hospital, but went there for several X-ray "sessions," the repeated X-ray examinations being to determine whether the ulcer was malignant or benign.

The first X-ray was made on 13 January 1951 of plaintiff's gall bladder. It was negative. Another X-ray was made on 15 January 1951 of plaintiff's stomach and this disclosed the ulcer.

It is thus noted that plaintiff's ulcer developed prior to the expiration of 10 months from the date of the policy, and under the provisions pleaded he was not entitled to benefits under the policy unless such provision was waived.

Plaintiff seeks to establish such waiver by the meagre evidence set forth above. There is no real evidence as to the extent of Fuller's agency, that is whether he was a soliciting agent or a general agent. From the little evidence in the record the inference would seem to be that he was merely a soliciting agent. This aside however, the agency powers of Fuller would not affect the principles applicable, for it is the doctrine of our decisions that alleged oral agreements made anterior to or contemporaneous with the issuance of an insurance policy are ineffectual unless made a part of the policy. This for the reason that: (1) Such oral agreements cannot be allowed to alter or vary the terms of the written contract, and (2) not having been incorporated in the policy

they are excluded by the provisions of Section 75, Title 28, Code of Alabama 1940, which reads: "No life nor any other insurance company nor any agent thereof shall make any contract of insurance or agreement as to policy contract other than is plainly expressed in the policy issued",— Tutton v. Liverpool & London & Globe Ins. Co., 237 Ala. 230, 186 So. 551; City Mortgage & Discount Co. v. Palatine Ins. Co., 226 Ala. 179, 145 So. 490; Globe & Rutgers Fire Ins. Co. v. Pappas, 219 Ala. 332, 122 So. 346.

It thus appears that the evidence submitted established defendant's plea 5, one of the pleas upon which issue was joined, and which, when established, would furnish a defense to this action. The defendant was therefore entitled to have given its written request for the general affirmative charge, with hypothesis, and the refusal of this charge was error. Metropolitan Life Ins. Co. v. Dixon, 226 Ala. 603, 148 So. 121.

Numerous other points are argued by counsel for appellant as constituting error. In view of the conclusion above reached we see no need to discuss them.

Reversed and Remanded.