148 So.2d 486

Earl **HELTON**

v.

Glendon R. **EASTER.**

1 Div. 890.

Court of Appeals of Alabama.

Dec. 11, 1962.

ant, appeals to this Court from a $1,000.00 judgment rendered against him by a jury verdict in the Monroe County Circuit Court. Glendon R. Easter is the plaintiff, appellee and cross-defendant herein.

This suit grew out of an automobile accident which, under the undisputed evidence, occurred on Alabama State Highway 21, which runs generally north and south but which runs east and west at the point of the accident which occurred between Beatrice and Riley, Alabama. Appellee, Easter, was traveling from his home in north Alabama to Pensacola, Florida, and appellant was traveling east from Beatrice. The point of collision of the automobiles was in front of a filling station which was located on appellee's right and appellant's left, and was just below the crest of a hill that defendant was ascending at the time of the accident. Plaintiff had just driven over the crest of the hill. There was a horseshoe shaped driveway connecting the filling station with the highway at two points and the point of impact was on the appellee's side of the highway near the westerly connection with the driveway.

Easter testified that his own automobile lights were on at the time of the accident, while Helton, the appellant, testified that he had not turned on his automobile lights and "there wasn't no lights nowhere". A witness, Harwell Hines, testified that both automobiles had their lights on at the time of the impact. Appellee testified that he had been going 50 miles per hour or less and that he had slowed down in order to look for a motel, and appellee's wife, Mrs. Glendon R. Easter, corroborated her husband's testimony. The appellant testified that appellee was going 70 or 75 miles per hour at the time of the accident, but that he himself had slowed down to 7 or 8 miles per hour from a speed of 15 or 20 miles per hour in order to turn into the filling station. Appellant further testified that he never drives over 30 or 35 miles per hour. Easter testified that he first saw the appellant when he, accompanied by his

B. E. Jones and R. L. Jones, Evergreen, for appellant.

David M. Nettles and John M. Coxwell, Monroeville, for appellee.

JOHNSON, Judge.

Appellant, Earl Helton, hereinafter referred to as defendant and cross-complain-

wife; drove over the top of the hill and that at that time the appellant appeared to be "coming on normal" on his side of the road but that appellant "turned over to the left and we ran together there". Helton testified that he did not see Easter but that he could see 360 feet ahead and that he, Helton, gave a turn signal with his hand before turning left in the highway.

· · Harwell Hines testified that he saw the accident from his car in the driveway at the edge of the highway, and that he saw both vehicles and that he knew of nothing to prevent the driver of either from seeing the other's car.

Helton testified that he was not drunk and had not been drinking, while other witnesses who saw him after the accident differed in their opinions as to whether or not he smelled of alcohol.

■ The appellee originally filed in the Circuit Court a complaint in two counts. Count I sought recovery on simple negligence, while Count II was based on wanton misconduct. The defendant's demurrer to Count I was overruled and sustained as to Count II. Plaintiff then amended his complaint as to both counts. To the complaint as amended defendant's demurrer was overruled. After an agreement between the parties to plead in short by consent, the defendant filed his plea of the general issue to both counts of the complaint and the plea of contributory negligence to Count I. The defendant filed pleas A and B which were pleas of recoupment and counter claim and which charged the appellee with negligence and wanton misconduct, respectively. Although we do not observe from the records any replications to, or joinder of issue on, the counter claim or cross-complaint, evidence was nevertheless received by the Court on these issues at the trial. In this there was no error and the Trial Court properly treated the issues as joined. Jefferson Life & Cas. Co. v. Williams, 37 Ala.App. 718, 76 So. 2d 185; Nat. Life and Acc. Ins. Co. v. Curtin, 33 Ala.App. 50, 29 So.2d 577.

■ The record before us reflects thirty-nine assignments of error. Of this number, assignments 1, 2, 4, 5, 6, 7, 8, 9, 16, 17, 18, 20, 22, 23, 26, 30, 33, 34 and 35 were waived because they were not argued by the appellant. Rogers v. W. M. Dunbar Co., 39 Ala.App. 180, 96 So.2d 710; Pierce v. Floyd, 38 Ala.App. 439, 86 So. 2d 658; Foreman v. Smith, 272 Ala. 624, 133 So.2d 497.

■ Assignment of Error 3 is without merit because there is no Judgment Entry of the court's action in overruling the defendant's demurrer to Count II of the complaint. We observe, under what purports to be the Judgment Entry in this cause, the following: "This March 28, 1960, defendants demurrers to plaintiffs Count 2 sustained and overruled as to Count one. Plaintiff amends Complaint and defendant refiles same demurrers to each Count of Complaint as amended and demurrers overruled." This is all that the record in this cause reflects with reference to a ruling on the demurrer by the court. Such language does not constitute a judgment either sustaining or overruling the demurrer, and, under the rule long prevailing in Alabama, the appellant can take nothing by an assignment of error based upon such recitals. Tallassee Falls Mfg. Co., for use, etc., v. Western Ry. of Ala., 128 Ala. 167, 29 So. 203; Jasper Merchantile Co. v. O'Rear, 112 Ala.. 247, 20 So. 583; Empire Guano Co. v. Ellis, 19 Ala.App. 463, 98 So. 38.

We quote in part from Ala. Fuel and Iron Co. v. Vaughan, 205 Ala. 589, 88 So. 857: "* * * the ruling on the demurrer is not available to appellant because no judgment thereon is shown by the record. A mere recital in the minute entry that the demurrer was overruled is not sufficient."

■ Assignments of Error 10, 11, 12, 13, 14 and 15 are without merit. Assignments of Error 10 and 11, which relate to the refusal of the court to give appellant's requested charge No. 8, are without merit because the charge is argumentative as

was a charge nearly identical therewith discussed in Whaley v. Sloss-Sheffield Steel & Iron Co., 164 Ala. 216, 51 So. 419. Such charge is as follows: "Charge No. 8. If, after consideration of all the evidence in this case, the jury finds that the cause of the accident which caused plaintiff's injury lies wholly within the realm of conjecture and doubt, you must find a verdict in favor of the Defendant." The Supreme Court in Whaley said, "The court can give or refuse such charges without committing error."

■ Assignments of Error 12, 13, 14 and 15, relating to refusal of defendant's charges 10 and 11, are not well taken because the instructions therein contained were adequately covered by the oral charge and by defendant's, or cross-complainant's, charges 12 and 13 which were given. Even if these charges were correct, it was harmless error to refuse them. Montgomery City Lines v. Davis, 261 Ala. 491, 74 So. 2d 923.

Assignments of Error 19, 21, 24, 25, 27, 28, 29, 31, 32, 36 and 37 are well taken.

■ Contrary to the contention of the appellee, the giving of correct oral charges by the trial court does not cure errors contained in given written charges. In discussing this proposition, our Chief Justice Livingston said in Robinson v. Morrison, 272 Ala. 552, 133 So.2d 230:

"Appellant contends that error was committed in giving three charges at the request of defendant relative to plaintiff's contributory negligence, which fail to hypothesize that the plaintiff's negligence must proximately contribute to her injuries. It is well settled that giving such a charge is reversible error, and that the error is not cured either by correct, written charges requested by the litigants (unless specifically requested to correct the erroneous ones) or by the oral charge. Carter v. Ne-Hi Bottling Co., 226 Ala. 324, 146 So. 821; Terry v. Nelms, 256 Ala. 291, 54 So.2d 282."

Plaintiff's requested charge 8 assigned as error No. 19 is as follows:

"P 8. The Court charges the jury that if you are reasonably satisfied from the evidence in this case that the defendant, Helton, intentionally drove his automobile across the road in front of the plaintiff with knowledge that the plaintiff was approaching, or with knowledge of facts which would have put him on notice that the plaintiff might be approaching you cannot charge the plaintiff with contributory negligence under Count One of the complaint."

■ This charge erroneously contains instructions that if the jury is reasonably satisfied that defendant intentionally drove his automobile in front of the plaintiff, the plaintiff could not be contributorily negligent. That the jury must also be satisfied under the charge that the defendant knew or should have known that plaintiff was approaching does not mean that the jury had to be satisfied that defendant's intentional act was negligent or wanton. The charge is erroneous because it does not define the degree of care the defendant owed the plaintiff or require that the jury be satisfied that the defendant breached any legal duty or that the defendant's conduct proximately caused plaintiff's injuries. First Nat. Bank of Mobile v. Ambrose, 270 Ala. 371, 119 So.2d 18; Johnson v. McNear, 255 Ala. 457, 52 So.2d 154; Zemczonek v. McElroy, 264 Ala. 258, 86 So.2d 824. If the issue of plaintiff's contributory negligence is to be removed from the jury's consideration, the duty owed to the plaintiff by the defendant and breached by him must be one exceeding due care, or, to-wit, the misconduct of the defendant causing the plaintiff's injuries must be wanton. Merely charging the jury that if they are reasonably satisfied that the defendant intentionally drove in front of the plaintiff with knowledge that the plaintiff was approaching is insufficient because it does not instruct that the jury should be satisfied that defendant breached a duty to the plain-

tiff not to drive wantonly since the plaintiff may have been approaching at such a great distance that defendant could have turned his automobile without committing that degree of carelessness constituting wantonness. Louisville & Nashville R. R. Co. v. Calvert, 170 Ala. 565, 54 So. 184.

Plaintiff's requested charge 10 is assigned as error No. 21 and is set out below:

"P 10. The Court charges the jury that you cannot find for the defendant Helton, under Count B of his counterclaim unless you are reasonably satisfied from the evidence that the plaintiff willfully or wantonly drove his automobile into the automobile of the defendant with knowledge of defendant's peril."

■ This charge is misleading because it actually instructs about Plea B but addresses itself to Count B which is not found among the pleadings, and it is erroneous because it fails to set out all of the elements of wantonness. Moreover, what is stated in this charge regarding wantonness is erroneous because the charge requires that the plaintiff know that the defendant was imperilled but it is only required that the wanton party know that *someone is imperilled by such wantonness*. Dean v. Adams, 249 Ala. 319, 30 So.2d 903.

"The concept is, of course, universal that to *constitute wantonness it is not essential that the defendant should have entertained a specific design or intent to injure the plaintiff*. A wilful or intentional act may not necessarily be involved in wantonness. It may consist of an inadvertent failure to act by a person with knowledge that someone is probably imperiled and the act or failure to act is in reckless disregard of the consequences." McNickle v. Stripling, 259 Ala. 578, 67 So.2d 832. (Emphasis ours)

Justice Bouldin wrote as follows on this question:

"Wantonness may arise from knowledge that persons, though not seen, are likely to be in a position of danger, and with conscious disregard of known conditions of danger and in violation of law (defendant) brings on the disaster. * * *" Godfrey v. Vinson, 215 Ala. 166, 110 So. 13.

Charge 13 is as follows:

"P 13. The Court charges the Jury that if you believe from the evidence that the defendant, Helton, was himself guilty of the slightest negligence which proximately contributed to the injuries received by him, then you cannot find for the defendant, Helton, under Count B of his counterclaim unless you are reasonably satisfied from the evidence in the case that the plaintiff willfully or wantonly drove his automobile into the defendant, Helton, with knowledge of his peril."

■ In addition to containing the same defects as contained in requested charge 10, plaintiff's requested charge 13, assigned as error No. 24, contains the additional defect of instructions to the jury that Helton's contributory negligence is a defense to Easter's wanton conduct unless Easter acts with knowledge of Helton's peril. However, as a matter of law, contributory negligence is never a defense to wanton conduct. Zemczonek v. McElroy, supra.

Written charges 14, 18, 20 and 25 given at the request of the appellee and assigned as error in assignments Nos. 25, 29, 31 and 36, respectively, were erroneous because of a failure in each of such charges to hypothesize that defendant was negligent, or that defendant's negligence proximately caused plaintiff's injuries. First Nat. Bank of Mobile v. Ambrose, supra.

Appellee's requested charges numbered 14, 16, 17, 18, 20 and 25 which were given and for which the appellant charges the trial court with error in assignments Nos. 25, 27, 28, 29, 31 and 36, respectively, are erroneous because each of the said charges

omits the issue of possible wantonness of either party. Crocker v. Lee, 261 Ala. 439, 74 So.2d 429, Ashley v. McMurray, 222 Ala. 32, 130 So. 401.

Charge 18 is built on only one possible act of contributory negligence, to-wit, excessive speed but ignores all other possible acts or conduct of contributory negligence on the part of the appellee. Birmingham Elec. Co. v. Perkins, 249 Ala. 426, 31 So.2d 640.

Charges 20 and 25 given at the request of the appellee are erroneous because such charges ignore instructions as to necessary proof of injury or damages. First Nat. Bank of Mobile v. Ambrose, supra.

Charges 21 and 25 are erroneous because under their verbiage it is possible for the plaintiff to recover if defendant's injuries were caused by his own intoxication.

Charge 25 required that the defendant "show" the jury, but the burden on a party to a civil suit is the different one of "reasonably satisfying" them. Lacey v. Deaton, 228 Ala. 368, 153 So. 650; Walker v. Ingram, 34 Ala.App. 133, 37 So.2d 682, cert. den., 251 Ala. 395, 37 So.2d 685.

Assignment No. 37 assigns as error the Trial Judge's action in overruling the defendant's motion for a new trial. It sufficeth to here note that among the grounds for the motion, the defendant assigned the giving of the same written charges requested by the plaintiff and specifically assigned in the assignments discussed and treated hereinabove.

Assignment of Error No. 38 is set out below:

"The Court erred in permitting the witness, James Black, who was not an expert to testify over the objection of the Defendant that Defendant was in his opinion intoxicated when the witness did not see the Defendant until long after the accident and until after the Defendant had been moved from the place of the accident to the hospital in Monroeville. The questions and answers on which this assignment of error is based appear on pages 32 and 33 of the record and are as follows:

"Q. In your opinion was he intoxicated?

"MR. B. JONES: We object.

"THE COURT: I overrule the objection.

"MR. B. JONES: We except.

"MR. R. JONES: If Your Honor please—the proposition is you can state what you saw and leave the conclusions to the jury as to whether he was intoxicated. He said he just heard him talking crazy like. And he asked him if it was his opinion he was drunk.

"Q. Did he appear to be intoxicated?

"MR. R. JONES: We renew our objection.

"THE COURT: I overrule the objection.

"MR. R. JONES: We except.

"A. Well something was wrong with him.

"Q. In your opinion did he appear to be intoxicated?

"MR. B. JONES: We're keeping our objection in.

"THE COURT: I overrule the objection. Do you know Mr. Witness?

"A. Well I couldn't swear that he was, because I didn't take a blood test.

"Q. In your opinion did he appear to be intoxicated?

"A. To me, yes."

**654**

We observe that this assignment contains two grounds; first, that it was error to allow Black to express his opinion as to Helton's sobriety or intoxication at the hospital because Black was not an expert witness, and second, because of the lapse of time between the accident and his observation of Helton in the hospital. These grounds, as stated, are indivisible, and the assignment of error departs from the objection as made at the trial because there was no objection made to Black's testimony which was grounded upon the length of time between the accident and the observation of Helton in the hospital. If there be error in the Trial Court's ruling on Black's testimony, it is not properly raised for appellate review.

■ Assignment No. 39 charges error in the refusal of the Trial Judge to allow Steele to testify as to whether or not a person could see over the hill which plaintiff was ascending just before the accident until he reached the brink of such hill. This testimony, if admitted, would have been an illegal conclusion of the witness, Steele, because the proper predicate had not been laid for its admissibility. It appears from the record that a predicate for such testimony was later laid by questions directed to witnesses Steele and Dees regarding an experiment made by them, but the question, "Could they see the highway on beyond the brink of the hill?", was never reasked. Evidence which is based upon an experiment is within the discretion of the Trial Judge (Robinson v. Morrison, supra). Clearly, the Trial Judge did not commit error by refusing to allow Steele to testify to matters which were his mere conclusion. Birmingham Stove & Range Co. v. Vanderford, 217 Ala. 342, 116 So. 334; Wert v. Geeslin, 37 Ala.App. 351, 69 So.2d 718.

For the errors herein pointed out, this cause must be, and the same is hereby,

Reversed and remanded.